## 30335. WEBB v. BOARD OF TAX ASSESSORS et al.

GUNTER, Justice.

This appeal is from a judgment rendered in the trial court in favor of the County Board of Tax Assessors and the County Board of Equalization. The trial court's judgment stated that three issues were stipulated to be determined by that court: (1) whether the taxpayers were accorded due process under the Constitution; (2) whether the equal protection provisions of the Constitution were accorded the taxpayers; and (3) whether the appointing power given the Grand Jury by statute was constitutional.

The trial court held that there was no due process violation, nor an equal protection violation, and that the statute providing for the appointment of board members by the grand jury is constitutional.

The appellant begins his brief filed in this court by saying: "The thrust of this appeal challenges the constitutionality of Ga. Laws 1972, Vol. One, pp. 1094-1101." This statute created county boards of equalization in all counties, and it is now, with 1973 and 1974 amendments, Code Ann. § 92-6912. This statute does not, for any reason urged by the appellant in this case, deny due process of law or equal protection of the law to the appellant.

In *Tax Assessors v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975), this court held that this statute makes "a broad grant of authority to county boards of tax equalization to fashion remedies which are directed to the particular defects of a digest and which are best suited to the achievement of uniformity in a county's tax assessments." P. 153. This statute also provides for ample notice and a hearing, and it also provides for an appeal to the superior court which shall "constitute a de novo action." It therefore does not violate the Due Process Clause of the Georgia and Federal Constitutions.

With respect to equal protection, the statute is applicable to all properties assessed within a county by the board of assessors and all owners thereof. This attack has no merit.

The third issue decided by the trial court was that the

method of appointment and the qualifications of the members and alternate members of the boards of equalization, as provided for in this statute, were not unconstitutional. The statute provides that the grand jury shall appoint the members and the alternate members, that the appointment shall be made from the current grand jury list, that each person appointed must be an owner of real property and at least a high school graduate, and that a person who is exempt from jury duty under Code Ann. § 59-112 shall not be eligible for appointment.

Let it be sufficient here to say that the appointment of members and alternate members of the boards of equalization by the grand jury of each county is not offensive to the Georgia or Federal Constitutions; and, likewise, the qualifications established by this statute for persons who may be appointed members or alternate members of boards of equalization is not offensive to either Constitution. The exemptions contained in Code Ann. § 59-112 are not absolute or required exemptions; and any person included in an exempt class may request that the exemption be made inapplicable to him. Code Ann. § 59-112 (a).

We find no error.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 6, 1975 — DECIDED JANUARY 6, 1976.

Lester A. Webb, *pro se.*
*Tom Strickland, Felix P. Graham, Jr.,* for appellees.