## 35960. HAMILTON et al. v. EDWARDS.

CLARKE, Justice.

The Superior Court of Muscogee County granted a mandamus absolute ordering the Board of Tax Assessors of the Consolidated Government of the City of Columbus and County of Muscogee to certify a notice of appeal to the county Board of Tax Equalization for the review of the tax assessments on appellee's property. The tax assessors bring this appeal contending that the taxpayer did not file his appeal to the Board of Tax Equalization within the fifteen day period provided by law.

The trial court found that the taxpayer received the notice of change in assessment not earlier than April 5, 1979. The notice was dated April 2, 1979, and accompanied by a letter dated April 3, 1979, informing the taxpayer that he had until April 18, 1979, to ". . . send a letter to the Board of Tax Assessors stating your grounds for further appeal, in accord with Tax Laws of Georgia 92-6912 (5) . . ." The taxpayer responded to this letter and notice by a notice of appeal dated April 18, 1979, which was mailed in an envelope bearing a postmark of April 19, 1979. The tax assessors refused to consider the appeal and informed the taxpayer that his notice of appeal was out of time. The taxpayer then brought this action for mandamus in the Superior Court of Muscogee County praying for an order requiring the Board of Tax Assessors to certify the notice of appeal to the Board of Tax Equalization.

In its conclusions of law, the trial court found that April 5, 1979, was the earliest date the taxpayer could

have received the new assessment and that the fifteen day period in which the taxpayer was required by Code Ann. § 92-6912 to file his notice of appeal ran from that day. It was further found that the appeal period ended on April 20, 1979, fifteen days later.

The narrow question before the court is: When does the fifteen day period provided for appeal pursuant to Code Ann. § 92-6912 begin to run? The tax assessors contend the period begins to run from the date which appears on the notice of change-in assessment sent by the Board of Tax Assessors to the taxpayer. The taxpayer insists the trial court's conclusion that the time for appeal begins to run on the day on which the notice is received by the taxpayer should be upheld. We agree.

Constitutional due process of law includes notice and hearing as a matter of right where one's property interests are involved. *Sikes v. Pierce,* 212 Ga. 567 (94 SE2d 427) (1956). The notice required by Code Ann. § 92-6911 to the taxpayer of any change in the assessment on his property is required as well by the due process clauses of the Federal Constitution and the Georgia Constitution. *Webb v. Board of Tax Assessors,* 235 Ga. 790 (221 SE2d 810) (1976). The more difficult question is what constitutes the requisite notice. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank &c. Co., 339 U.S. 306, 314 (70 SC 652, 94 LE 865) (1949). See also, *Allan v. Allan,* 236 Ga. 199 (223 SE2d 445) (1976).

Notice is defined as "information; the result of observation, whether by senses or the mind; knowledge of the existence of a fact or state of affairs; the means of knowledge." *Black's Law Dictionary,* 1210 (4th Ed. 1968). We cannot conclude that the taxpayer had either information, observation, knowledge or means of knowledge prior to the receipt of the notice. The law recognizes that notice can be either express, implied or constructive. Express notice embraces not only knowledge but also that which is communicated by direct information. Constructive notice is information or

knowledge of a fact imputed by law because the fact could have been discovered by proper diligence and the situation was such as to cast upon a person the duty to inquire into it. Implied notice is that notice which is inferred or imputed to a party by reason of his knowledge of facts or circumstances collateral to the main fact, of such a character as to put him upon inquiry, and which, if inquiry were followed up with due diligence, would lead him directly to the knowledge of the main fact. *Johnson v. Dooly,* 72 Ga. 297 (1884); *Roebuck v. Payne,* 109 Ga. App. 525 (136 SE2d 399) (1964). None of these circumstances existed in this case until the notice was actually received by the taxpayer. When notice is required by law to be given to a party who has the right or is required to in some way act or respond to the notice within a prescribed period of time, the date of the notice must run from the date of its receipt unless there is express statutory provision to the contrary.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 15, 1980 — DECIDED MAY 21,1980.

*Thomas N. Austin,* for appellants.
*Barschall Andrews, II,* for appellee.