72482. SIZEMORE v. BROWN et al.
(347 SE2d 345)

BANKE, Chief Judge.

The appellant purchased a mobile home for $200 at a tax sale conducted by the Marshal of the Municipal Court of Columbus, Georgia, and ultimately resold the property for $5,500. Percy Wilson Mortgage & Finance Corporation, the holder of a perfected purchase money security interest in the property, brought this action to recover damages for the impairment of its interest, naming as defendants the appellant and, among others, the City of Columbus and the Marshal of the Municipal Court. The appellant filed a cross-claim against the other defendants, seeking to be indemnified for all his expenses incurred in the defense of the action. The trial court granted summary judgment to the appellant with respect to the finance company's claims against him, and this court affirmed that judgment in *Percy Wilson Mtg. & Fin. Corp. v. Sizemore,* 167 Ga. App. 211 (305 SE2d 903) (1983), leaving the finance company's claims against the other defendants, as well as appellant's cross-claim, pending in the trial court. In support of that holding, we cited the following language from *Marshall v. Armour Fertilizer Works,* 24 Ga. App. 402 (2) (100 SE 766) (1919): "[I]t being 'sufficient for the purchaser [at a sheriff's sale] that *the sheriff had obtained authority to sell and had executed to him a title.* The provisions of law governing the advertisement of the property for a particular time or in a particular way are merely directory to the sheriff, and any such neglect on his part may subject him to a suit for damages at the instance of the party injured, but does not affect the title of the purchaser unless there was actual fault on the purchaser's part, such as collusion between him and the sheriff. [Cits.] *Even the fact that the purchaser was put upon notice that such a merely directory duty of the officer had not been complied with would not, in the absence of fraud or collusion on the part of*

*the purchaser, render the sale void and thus impair the title so acquired. [Cit.]' "* (Emphasis supplied.) *Percy Wilson Mtg. & Fin. Corp. v. Sizemore,* 167 Ga. App. at 212-213.

Upon the return of the case to the trial court, the finance company moved for and was granted summary judgment against the marshal based on his failure to advertise the tax sale as required by law. The court's order indicates that the parties were able to resolve and settle all the other issues and claims in the case, with the exception of appellant's cross-claim against the marshal for his expenses incurred in defending the original action. The present appeal is from the court's grant of summary judgment to the marshal with respect to that claim. *Held*:

The appellant bases his claim against the marshal for attorney fees and costs of litigation both on OCGA § 13-6-11, which is applicable to contract actions, and OCGA § 51-12-7, which pertains to tort actions. We find neither statute applicable to the present case, involving expenses incurred by the appellant as a result of his being named as a defendant, along with the marshal, in an action challenging a judicial sale. Consequently, we hold that the trial court did not err in granting the marshal's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 2, 1986.

*Jacob Beil*, for appellant.
*Samuel W. Oates, Jr., Alexander V. Pinter*, for appellees.