S99A0045. GE CAPITAL MORTGAGE SERVICES, INC. v. CLACK et al.
(515 SE2d 619)

BENHAM, Chief Justice.

This appeal had its genesis in a tax sale of real property. In 1994, almost five months after GE Capital Mortgage Services, Inc. ("GE") obtained title to the property involved by foreclosing on a deed to secure debt from its debtor, James Brewer, DeKalb County issued a tax fi. fa. for a 1993 tax delinquency, naming Brewer as defendant. Notice of the entry of the fi. fa., notice of levy, and final notice of the scheduling of the tax sale was sent to GE as owner, and was received. No notice was sent to Brewer. Appellee Doug Clack bought the property at the 1994 tax sale, and DeKalb County sent GE notice of the sale. More than a year after the sale, Clack began proceedings to foreclose the right of redemption. See OCGA § 48-4-40 et seq. GE was given notice of the foreclosure, but no notice was sent to Brewer. After the date for redemption had passed, Clack filed the quiet title action from which this appeal arises. GE filed a counterclaim against Clack and filed a cross-claim against the DeKalb County Tax Commissioner ("DeKalb"), contending for the reasons discussed below that both the tax sale and the foreclosure of the right of redemption were void. This appeal is from a judgment awarding summary judgment to DeKalb and to Clack, and denying GE's motion for summary judgment.

1. We first consider the three bases on which GE asserts that the tax sale was void and that DeKalb was, therefore, not entitled to summary judgment.

(a) GE first contends that the tax sale was void because DeKalb failed to give Brewer notice of the tax sale as is required by OCGA § 48-4-1 (a).[1] In order to raise that defect in the tax sale procedure,

---

[1] OCGA § 48-4-1. Procedures for sales under tax levies and executions.

(a) Except as otherwise provided in this title, when a levy is made upon real or personal property, the property shall be advertised and sold in the same manner as provided for executions and judicial sales. Except as otherwise provided in this title, the sale of real or personal property under a tax execution shall be made in the same manner as provided for judicial sales; provided, however, that in addition to such other notice as may be required by law, in any sale under a tax execution

GE must have standing to assert the lack of notice to another interested party. Whether one interested party to a tax sale may attack the tax sale on the basis of a lack of notice to another interested party appears not to have been decided in Georgia before, but GE urges us to adopt the majority position that lack of notice to any party invalidates the sale as to all parties. See Annotation, *Right of interested party receiving due notice of tax sale or of right to redeem to assert failure or insufficiency of notice to other interested party*, 45 ALR4th 447, § 4. That position, however, is not consistent with the rule in this state that defects in following the notice provisions of the tax sale statute may give an injured party a claim for damages, but will not render the tax sale or the deed therefrom void. *Sizemore v. Brown*, 179 Ga. App. 594 (347 SE2d 345) (1986). Consequently, we decline GE's invitation to adopt the rule it supports and hold instead that GE, having unquestionably been given notice of the tax sale and the opportunity to pay the tax and avoid the tax sale, may not attack the sale on the ground of lack of notice to another party.

(b) Next, GE argues that the tax deed is void because the levy was excessive, as shown by the fact that the property was capable of subdivision into smaller tracts which could have been sold to pay the delinquent taxes. "The levy of a tax execution upon a house and lot of much greater value than such execution, where the lot is capable of being subdivided into parcels, any one of which is of sufficient value to discharge the fi. fa., is excessive, and a sale of the entire property is void. [Cits.]" *Miller v. Jennings*, 168 Ga. 101 (3) (147 SE 32) (1929). The factual basis on which GE relies for the proposition that the lot involved here was capable of subdivision producing a tract that could be sold to satisfy the tax debt is evidence that Clack, after purchasing the land, settled a boundary dispute with an adjacent landowner by ceding a portion of the lot approximately one-tenth of an acre in area; that a surveyor testified in deposition that the settlement constituted a subdivision of the property; and that an appraiser averred in an affidavit that the ceded portion of the land had a value of $5,000, more than the amount of the delinquent taxes. While GE's argument has an abstract reasonableness, it lacks practical merit. In the context of real estate, Black's Law Dictionary (5th ed.) defines "subdivision" in this way: "The division of a lot, tract or parcel of land into two or more lots, tracts, parcels or other divisions of land for sale or development." It is clear from the record that Clack did not divide the property for any purpose, but merely acceded to an adjustment in the size of the lot in the course of a dispute with an adjacent landowner

---

made pursuant to this chapter, the defendant shall be given ten days' written notice of such sale by registered or certified mail. . . .

regarding the location of boundary lines. We conclude that the settlement did not constitute a subdivision of the property. The surveyor's testimony to the contrary was a legal conclusion and, as such, cannot be considered as evidence on motion for summary judgment. *Love v. Love*, 259 Ga. 423 (1) (383 SE2d 329) (1989). The appraiser's testimony concerning the value of the ceded portion was not probative with regard to the question of excessiveness because there was no evidence of a subdivision into parcels, one of which could be sold to pay the delinquent taxes, and no evidence that such a subdivision of the property at issue was even possible. "[T]he rule seems to be that, if the land can not be subdivided so as to be sold in parcels, then the levy is not excessive. [Cit.]" *Richards v. Edwardy*, 138 Ga. 690, 697 (76 SE 64) (1912). There being no basis in the record for finding the levy excessive, the trial court did not err in rejecting that basis for GE's resistance to Clack's motion for summary judgment.

(c) Finally, GE contends that the tax deed is void because the description in it is insufficient. In support of that contention, GE offers no more specificity than a suggestion that the fact of the boundary dispute discussed above showed the inadequacy of the description, and an unsupported assertion that the tax deed and some other deed in the chain of title do not match. However, GE does not assert that the description is not sufficient to identify the land being sold. "This court has often held that the description in an entry of levy on land and in a deed is sufficient where it furnishes a key whereby the identity of the land may be made certain by extrinsic evidence." *Head v. Lee*, 203 Ga. 191 (2) (b) (45 SE2d 666) (1947). The tax deed in the record of this case identifies the property by district and land lot, by reference to a deed book entry, by its parcel number in the tax records of DeKalb County, and by street address. We hold without hesitation that the description was sufficient, with its references, to identify the land in question.

Since none of GE's attacks on the grant of summary judgment to DeKalb has merit, we find no error in that grant of summary judgment.

2. GE's contention that Clack was not entitled to summary judgment is based on two alleged failures to follow the procedure for foreclosing the right of redemption: failure to serve the former owner, Brewer; and failure to follow the statutory procedure for publishing notice of the foreclosure.

(a) There is no question that Brewer, the defendant in fi. fa., was not served with notice of the foreclosure of the right of redemption. Service of the notice of foreclosure is required to be made on the "defendant in the execution under or by virtue of which the sale was held; . . . ." OCGA § 48-4-45 (a) (1) (A). However, even assuming that GE can raise the issue of lack of notice to the defendant in fi. fa.

(see Division 1 (a), supra), this issue is controlled by subsection (b) of the statute: "Nothing contained in this Code section shall be construed to require that any notice be sent to or served upon any person whose right, title, interest in, or lien upon the property does not appear of record in the county in which the land is located." Since Brewer's interest in the property was foreclosed upon by GE prior to the issuance of the tax fi. fa. in this case, his interest did not appear of record in DeKalb County when the foreclosure of the right of redemption was begun.[2] Accordingly, we hold that the lack of notice to Brewer did not affect the validity of the foreclosure.

(b) The second basis for GE's resistance to Clack's motion for summary judgment is also without merit. OCGA § 48-4-45 (a) (3) requires that notice of the foreclosure

> be published . . . in the newspaper in which the sheriff's advertisements for the county are published in each county in which that property is located, which publication shall occur once a week for four consecutive weeks in the six-month period immediately prior to the week of the redemption deadline date specified in the notice.

In support of his motion for summary judgment, Clack submitted an affidavit in which he averred that "the statutory notice was published in the Decatur-DeKalb News Era as required by law," and to which a copy of a newspaper notice of the foreclosure was attached.

The statement in Clack's affidavit that the notice was published "as required by law" does not establish compliance as a fact because the reference in the affidavit to the publication constitutes merely a legal conclusion, not a statement of fact. *Bradley v. Tattnall Bank*, 170 Ga. App. 821 (3) (318 SE2d 657) (1984). The affidavit does not state Clack's personal knowledge that the notice was published four times in the six months preceding the week in which the right of redemption would be foreclosed, and does not state the dates on which the notice was published.

However, the copy of the notice attached to the affidavit remedied the lack in the affidavit because the copy shows on its face when it was published and that the notice was published four times during the appropriate period. At the end of the published notice appears the notation, "10/12-11/2." Under the principle that courts may take judicial notice of the "general customs of merchants" (OCGA § 24-1-

---

[2] Although subsection (b) does not expressly address the time at which a party's interest must appear of record in order to trigger a requirement for service of notice, it is phrased in the present tense, and to interpret the statute otherwise would produce the absurd result of requiring that every person in the chain of title be served.

4), we recognize that the quoted notation is one customarily employed in legal advertisements to show the dates of publication. The copy of the notice submitted in support of Clack's motion for summary judgment showed, therefore, that the notice was published on October 12, 19, and 26, and November 2, 1995. Consequently, we conclude that Clack bore his burden of showing on the record that he is entitled to judgment, and that the trial court did not err in granting summary judgment to Clack.

3. GE also complains of the denial of its motion for summary judgment. Since that motion was based entirely upon GE's assertion that the tax sale was void, and we have ruled otherwise herein, there was no error in denying GE's motion.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 1999.

*Morris, Schneider & Prior, Larry W. Johnson,* for appellant.
*Jonathan A. Weintraub, Joan F. Roach, Kathleen A. Wasch, Howard W. Indermark, D. Daniel Kleckley, Garner & Still, James W. Garner,* for appellees.