## A03A0149. LLOYD v. HARDMAN.
(583 SE2d 925)

MILLER, Judge.

Attorney William Hardman sued Daisy Lloyd to recover unpaid legal fees arising from his representation of Lloyd in a child support modification case. Lloyd counterclaimed for alleged malpractice arising out of Hardman's representation, contending that he abandoned her case and did not diligently pursue a temporary hearing. A bench trial resulted in a judgment for Hardman on all claims, and the court awarded a money judgment on the complaint. Lloyd appeals, claiming the court erred in finding that (1) the evidence did not support her malpractice claim and (2) the expert affidavit attached to her malpractice counterclaim was insufficient. We affirm.

1. "We review appeals from bench trials, where the trial judge sits as trier of fact and has the opportunity to assess witness credibility, under the clearly erroneous standard. Therefore, the trial court's findings of fact will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *Harper v. Foxworthy, Inc.*, 254 Ga. App. 495-496 (562 SE2d 736) (2002).

Here evidence at the bench trial showed that contrary to Lloyd's allegations, Hardman pursued discovery, diligently sought a final hearing (since a temporary hearing would not have resulted in any earlier relief), did not abandon her case, and otherwise provided adequate legal representation in her suit to obtain child support payments. Accordingly, evidence supported the trial court's factfinding that no malpractice occurred.

2. In her second enumeration, Lloyd claims that the court erred in finding that the expert affidavit attached to her counterclaim was insufficient. Without considering the merits of this enumeration, we hold that the alleged error was harmless. Even though the trial court found the affidavit to be insufficient, the court did not dismiss the counterclaim on this basis but instead considered the claim on its merits, as explained in Division 1 above. Thus, since this alleged error did not harm Lloyd, it is no ground for reversal. *Pearlman v. Pearlman*, 238 Ga. 259, 260 (2) (232 SE2d 542) (1977) ("In order to constitute reversible error, both error and harm must be shown. [Cits.]").

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED JUNE 25, 2003.

*Thomas M. Strickland*, for appellant.

*Fox, Chandler, Homans, Hicks & McKinnon, David A. Fox*, for appellee.