**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 29, 2024**

# In the Court of Appeals of Georgia

A24A1272. BELLINGER v. THOMPSON, COMMISSIONER OF
   LABOR OF THE STATE OF GEORGIA et al.

DILLARD, Presiding Judge.

In 2022, Lynn Bellinger applied for unemployment benefits through the Georgia Department of Labor. The Department denied Bellinger's claim for benefits, and she then sought to appeal to an administrative hearing officer. The hearing officer found that Bellinger's appeal was not timely filed, and the Department's Board of Review affirmed that decision. In turn, the superior court affirmed the decision of the Board of Review. But this Court granted Bellinger's subsequent application for discretionary review, and she contends that her appeal from the denial of her claim for

benefits was timely filed. For the following reasons, we vacate the superior court's decision and remand the case with direction.[1]

When this Court reviews a superior court's order in an administrative proceeding, our duty is "not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency."[2] And judicial review requires us to determine whether "the findings of fact are supported by 'any evidence' and examine the soundness of the conclusions of law that are based upon the findings of fact."[3] Finally, as always, we review legal conclusions *de novo*.[4]

So viewed, the record shows that Bellinger began working at the Savannah Bee Company in 2012. In January 2022, the Company did "mass layoffs" and discharged

---

[1] Oral argument was held on August 6, 2024, and is archived on the Court's website. See Court of Appeals of the State of Georgia, Oral Argument, Case No. A24A1272 (Aug. 6, 2024), available at https://vimeo.com/996706724.

[2] *Peace v. Butler*, 367 Ga. App. 474, 474 (887 SE2d 70) (2023) (punctuation omitted); *accord Hudson v. Butler*, 337 Ga. App. 207, 207 (786 SE2d 879) (2016).

[3] *Swarn v. Thompson*, 369 Ga. App. 321, 322 (893 SE2d 474) (2023) (punctuation omitted); *accord Hudson*, 337 Ga. App. at 207.

[4] *See Swarn*, 369 Ga. App. at 322 (punctuation omitted) (emphasis in original); *accord Hudson*, 337 Ga. App. at 207.

Bellinger. She received severance pay, and her separation agreement indicated the Company would not impede her application for unemployment benefits. In February 2022, Bellinger applied for unemployment benefits, but her claim was denied. In doing so, the Department of Labor indicated that Bellinger was ineligible for benefits because she had been "fired for not following rules, orders, or the instructions of [her] employer."

After the denial of her claim for unemployment benefits, Bellinger contacted the president and chief financial officer of the Savannah Bee Company, who indicated that he would promptly investigate the matter. He told her not to appeal and that he would "fix it." But on April 11, 2022, after the Company was unable to resolve the issue, Bellinger filed an appeal from the denial of her unemployment claim.

More than one year later, the matter proceeded to a telephonic hearing before an administrative hearing officer, in which Bellinger was represented by counsel. The hearing officer took evidence as to both the timeliness of Bellinger's appeal from the denial of her claim and the circumstances of her separation. On May 31, 2023, the hearing officer issued an order affirming the denial of Bellinger's claim because she

failed to file a timely appeal.[5] Bellinger timely appealed the hearing officer's decision to the Board of Review. And on July 25, 2023, the Board affirmed the hearing officer's finding that the appeal was untimely.

Thereafter, Bellinger petitioned for judicial review in superior court. Following a hearing, the superior court on January 22, 2024, summarily affirmed the decision of the Board of Review. Bellinger then filed an application for discretionary review in this Court, which we granted.[6] This appeal follows.

Bellinger maintains the Department of Labor and the superior court erred as a matter of law in concluding that her appeal from the denial of her unemployment claim was untimely.[7] We agree.

Tasked with interpreting statutory language, we necessarily begin our analysis with "familiar and binding canons of construction."[8] In considering the meaning of a statute, our charge as an appellate court is to "presume that the General Assembly

---

[5] The hearing officer's decision did not address the merits of Bellinger's claim that she was entitled to unemployment benefits.

[6] Case No. A24D0255 (Mar. 21, 2024).

[7] We thank the Atlanta Legal Aid Society, Inc. for its thoughtful amicus brief.

[8] *Holcomb v. Long*, 329 Ga. App. 515, 517 (1) (765 SE2d 687) (2014); *accord Swarn*, 369 Ga. App. at 323.

meant what it said and said what it meant."[9] And toward that end, we must afford the statutory text "its plain and ordinary meaning,"[10] view the text "in the context in which it appears,"[11] read the text "in its most natural and reasonable way, as an ordinary speaker of the English language would,"[12] and seek to "avoid a construction that makes some language mere surplusage."[13] In sum, when the language of a statute is "plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly."[14]

---

[9] *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (punctuation omitted); *accord Holcomb*, 329 Ga. App. at 517 (1).

[10] *Holcomb*, 329 Ga. App. at 517 (1); *accord Deal*, 294 Ga. at 172 (1) (a); *see also Chan v. Ellis*, 296 Ga. 838, 839 (1) (770 SE2d 851) (2015) ("A statute draws its meaning, of course, from its text.").

[11] *Deal*, 294 Ga. at 172 (1) (a); *see Chan*, 296 Ga. at 839 (1) ("The common and customary usages of the words are important, but so is their context. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law—constitutional, statutory, and common law alike—that forms the legal background of the statutory provision in question." (citations and punctuation omitted)).

[12] *Holcomb*, 329 Ga. App. at 518 (1); *accord Deal*, 294 Ga. at 172-73 (1) (a).

[13] *Swarn*, 369 Ga. App. at 324 (punctuation omitted); *accord Holcomb*, 329 Ga. App. at 518 (1).

[14] *Swarn*, 369 Ga. App. at 324 (punctuation omitted); *see Deal*, 294 Ga. at 173 (1) (a) ("[I]f the statutory text is clear and unambiguous, we attribute to the statute

Furthermore, as pertinent here, the General Assembly has declared that "economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state."[15] And as a result, courts are statutorily directed to *broadly* "construe the provisions of the unemployment statutes in favor of the employee, and statutory exceptions and exemptions that are contrary to the expressed intention of the [codified] law should be narrowly construed."[16]

Turning to the statute at issue, OCGA § 34-8-192, when the Department of Labor makes an initial determination as to whether a claimant is entitled to unemployment benefits, that determination shall be final unless a party seeks reconsideration or "appeals the determination within 15 days after the notice was mailed to the party's last known address or otherwise delivered to the party."[17] And here, the undisputed evidence shows the notice of initial determination sent to

---

its plain meaning, and our search for statutory meaning is at an end." (punctuation omitted)).

[15] OCGA § 34-8-2; *see Hudson*, 337 Ga. App. at 209 ("Georgia has a strong public policy favoring payment of unemployment benefits to persons unemployed through no fault of their own." (punctuation omitted)).

[16] *Hudson*, 337 Ga. App. at 209; *accord Peace*, 367 Ga. App. at 474.

[17] OCGA § 34-8-192 (c).

Bellinger by the Department of Labor bore a "mail date" of March 18, 2022, and indicated an appeal date of April 4, 2022.[18] But significantly, Bellinger did not actually receive the initial determination until the Thursday before the appeal was due, which was March 31, 2022. She then filed her appeal on April 11, 2022.

As noted above, OCGA § 34-8-192 refers to two possible dates on which the 15-day deadline could begin to run: the date that the "notice was mailed" or the date the notice was "otherwise delivered to the party."[19] And because the statute refers to the mailing date *or* the delivery date, Bellinger only needed to file her appeal within 15 days of one of those dates to be timely.[20] So, because Bellinger's appeal was filed

---

[18] April 2 is the fifteenth day after March 18. But April 2, 2022, fell on a Saturday, meaning the appeal date, as measured from March 18, was Monday, April 4, 2022. *See* OCGA § 1-3-1 (3) (providing that, in computing dates, "if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty").

[19] OCGA § 34-8-192 (c).

[20] *See Haugen v. Henry Cty.*, 277 Ga. 743, 744-45 (2) (594 SE2d 324) (2004) ("The natural meaning of 'or,' where used as a connective, is to mark an alternative and present choice, implying an election to do one of two things." (punctuation omitted)); *Gearinger v. Lee*, 277 Ga. 743, 169 (2) (465 SE2d 440) (1996) ("[W]here a legislative provision is phrased in the disjunctive, it must be so construed absent a clear indication that a disjunctive construction is contrary to the [codified] legislative intent."); *Tyler v. State*, 247 Ga. 119, 124 (3) (274 SE2d 549) (1981) ("It is not required that the trier of fact find the existence of each disjunctive phrase of the

within 15 days of the date that she received the initial determination—*i.e.*, the date it was actually "delivered" to her—it is timely.[21] To hold otherwise would render the latter phrase of the statute, referring to delivery, as mere surplusage.[22] Importantly, this construction also comports with our statutory mandate to construe broadly the provisions of the unemployment statutes in favor of the employee and to construe narrowly statutory exceptions.[23]

For all these reasons, Bellinger's appeal was timely and she is entitled to a decision on the merits of her claim for benefits.[24] Accordingly, the judgment of the

_____

statute." (punctuation omitted)).

[21] *See supra* note 20; *see also Hamilton v. Edwards*, 245 Ga. 810, 812 (267 SE2d 246) (1980) ("When notice is required by law to be given to a party who has the right or is required to in some way act or respond to the notice within a prescribed period of time, the date of the notice must run from the date of its receipt unless there is express statutory provision to the contrary.").

[22] *See supra* note 13 & accompanying text.

[23] *See supra* note 16 & accompanying text.

[24] Bellinger also contends this Court should reverse the superior court's decision because (1) there is no evidence that the initial determination was actually mailed on the "mail date" printed on it; (2) if late, her appeal was late with good cause; and (3) the administrative hearing officer violated Bellinger's right to due process by refusing to allow her to develop the record at the hearing. But because we conclude Bellinger's appeal was timely to the date the initial determination was delivered to her, we need not consider these alternative arguments.

superior court is vacated with direction that the case be remanded to the Department of Labor for the purpose of determining whether Bellinger is entitled to unemployment benefits.[25]

*Judgment vacated and case remanded with direction. Brown and Padgett, JJ., concur.*

---

[25] *See, e.g.*, *Harris v. Butler*, 368 Ga. App. 211, 215 (2) (889 SE2d 401) (2023) (vacating judgment and remanding to the superior court with direction to remand to the Department of Labor to determine whether claimant was entitled to unemployment benefits when the Department applied an improper legal standard in determining whether claimant failed to show good cause to reopen her appeal); *Peace*, 367 Ga. App. at 477-78 (1) & (2) (vacating judgment and remanding to the superior court with direction to remand to the Department of Labor to analyze unemployment claim under pandemic emergency rules).