JOHN ISAM *et al.*, plaintiffs in error, *vs.* WILLIAM HOOKS, defendant in error.

1. This Court will be slow to control the discretion of the Judge of the Superior Court in his grant of a temporary injunction, especially if the bill contain charges of fraud.

2. In this State, a levy upon land is made by the entry of the sheriff upon the *fi. fa.;* there is no actual seizure, and there is no levy until the entry is made.

Injunction.   Fraud.   Levy.   Tried before Judge CLARK. Sumter county.   At Chambers.   July 17th, 1872.

William Hooks filed his bill, setting up, substantially, the following facts: About January 29th, 1870, Alexander M. Little begged complainant to assist him in satisfying certain of his creditors who were resisting his application to withdraw his petition to be discharged as a bankrupt, which he had filed in the United States District Court for the Southern District of Georgia.   He represented that he owned eight hundred acres of land in Sumter county, also other lands in said county, and in other counties, of the value of $.........; that he had paid every judgment against him except one in favor of R. H. Givins, transferred to Mr. Stansell, and one in favor of H. K. McCay, W. B. Guerry and S. H. Hawkins; that if the proceedings in bankruptcy continued, the assignee would sell all of his valuable property, and he would save nothing but his homestead, under the Bankrupt Act, which was small; that, moved by the continued appeals of Alexander M., complainant signed certain notes of said Alexander M. as security, taking a transfer of the judgments for which said notes were given, and also a mortgage upon certain lands, to secure the payment of the same; that when said notes became due, they were paid by complainant; that in consideration of the moneys advanced for him, said Alexander M., on March 31st, 1871, conveyed to complainant, by deed, lot of land number one hundred and ninety-three, in the twenty-seventh district of Sumter county; that it was the understanding that complainant should use the transferred judgments for the protection of his rights; that, casually, on the first Tuesday in April, 1872, complainant attended the sheriff's sale for Sumter county without knowing that he had any business there, and accidentally ascertained that the Coroner, W. W. Guerry, acting sheriff, was proceeding to sell

said lot of land conveyed to complainant, as aforesaid, as the property of said Alexander M., under an execution in favor of S. R. Lawrence, obtained at October Term, 1867, of Sumter Superior Court for $1,200 principal, besides interest and costs; that though complainant had been in possession of said land, yet the first notice that he received of said intended sale was when the bidding commenced; that complainant immediately notified all concerned that said land belonged to him, and requested the Coroner to delay the sale for even as short a time as fifteen minutes; that said land was not seized by W. J. Bosworth, assuming to act as sheriff until the day before the said sale, when the entry of levy was made; that said Bosworth was not then sheriff, having ceased to act as such many days prior thereto; that said levy and sale was therefore a nullity; that said land was knocked off to N. A. Smith, who had full notice of complainant's claim; that no persons bid for said land except Alexander M. Little and said Smith; that said Alexander M. Little spared no efforts to encourage the bidding for said land; that John Isam, who claimed to own the execution under which said land was sold, was present at the sale, having frequent interviews with the said Alexander M. Little; that said Isam spent the night subsequent to the sale with said Little, and complainant believes also the night preceding; that the Coroner executed titles to said lot to John Isam and David A. Mayo; that said Isam is the mere tool of Little to swindle complainant out of said land, and has combined and confederated with him for that purpose; that since said pretended sale they have taken in with them David A. Mayo, for the purpose of giving the air of respectability to their combination to swindle complainant; that no money was paid at said pretended sale except, perhaps, some cost to the officers of Court; that the pretended cause of action upon which said execution was based was a mere sham by which said Little sought to encumber his property for the purpose of defeating the rights of his creditors; that there is no such person as Samuel R. Lawrence, he being a man of straw, manufactured

for the occasion; that if the judgment under which said sale was effected is a valid, subsisting judgment, then the judgments held by complainant as aforesaid being of older date and of prior lien, are entitled to the proceeds; that said Guerry, Coroner as aforesaid, is threatening to dispossess complainant; that he is ready to give bond and security to save said purchasers harmless from any damage they may sustain from any restraining order the Chancellor may think proper to issue. Prayer, that the writ of injunction may issue enjoining all of said parties from interfering with the possession of complainant until the further order of the Court; that the writ of subpoena may issue.

The complainant by an amendment to his said bill alleged that the judgment under which the aforesaid sale was effected was against William Hughes, as principal, and Alexander M. Little, as security; that said Little and his brother-in-law, the said Hughes, entered into a criminal combination to defeat complainant of his just rights; that the pleadings upon which said judgment was rendered show an acknowledgment of service, purporting to have been made by said Hughes, which complainant charges to be a base forgery, and that the same was made by Little; that the case of Lawrence *vs.* Sturgis, and Little was not reached in its order on the docket at the October Term, 1867, but at the suggestion and prompting of the defendant Little, a confession of judgment was made, voluntarily, by A. R. Brown, Esq., which complainant charges to have been unauthorized; that complainant waives discovery as to all the defendants, except N. A. Smith, Esq.

The defendant, Alexander M. Little, answered the bill and admitted his bankruptcy as therein charged, but denied all the material allegations, setting forth who the defendant, Samuel R. Lawrence, was, and the consideration of the contract upon which said judgment was based. He further admitted that he had represented to complainant that there were no liens on the land beyond certain specified ones, which did not include the judgment of said Lawrence.

The defendant, John Isam, set up in his answer that he knew nothing of the transactions between complainant and the defendant Little; that he is informed and believed that the judgments claimed to be held by complainant against said defendant have been paid off and satisfied; that defendant resides in the county of Lowndes, and merely came to Americus to attend the sale of the property levied on under the Lawrence *fi. fa.*, of which he is the owner; that on the day of sale his attorney informed him that the defendant, David A. Mayo, was the owner of a *fi. fa.* against said Little, of the same date as the Lawrence *fi. fa.*, and at the suggestion of his said attorney he went to see S. C. Elam, Esq., the attorney for said Mayo, and it was agreed between defendant and said Mayo that the two lots levied on should bring enough to settle said executions, or they would purchase them together in the proportion that their executions bore to each other; that Lawrence was a man of good standing, but is now dead; that defendant denies all manner of confederation and fraud whatever; that complainant was allowed abundant time, after said sale commenced, to file his claim.

The defendant, N. A. Smith, answered the bill, substantially, as follows: that he, as an attorney at law, brought the suit in favor of Samuel R. Lawrence, against William Sturgis, principal, and A. M. Little, security; that the foundation of the suit was a note placed in defendant's hands for collection, by a person named Mann, who was said to be son-in-law of Lawrence; that Little was not interested in said sale otherwise than as a defendant in execution; that defendant bid off the land merely as attorney for Isam and Little.

The answer of W. W. Guerry, Coroner and acting sheriff, states the facts attending the sale, to-wit: that when notified by complainant of his title to the land, he asked complainant's attorney if he was prepared to file a claim; that said attorney responded that he would be if the defendant would give him fifteen minutes, asking at the same time for the execution; that defendant went into the Court-house and fur-

nished him with the execution, under which the property was being sold; that defendant returned and proceeded with the sale, when complaintant's attorney came out of the Court-house and asked defendant, if he was going to continue the sale? that defendant responded by asking said attorney, if he had the claim ready? that said attorney walked back into the Court-house, and the land was knocked off to the defendant, Smith.

The defendant, David A. Mayo, merely corroborated the answer of John Isam. Affidavits were read in support of the bill and of the answers.

The Chancellor granted the injunction, in accordance with the prayer of the bill, to which ruling defendants excepted, and now assign the same as error.

N. A. SMITH; ELAM & HAWKES, for plaintiffs in error.

PHIL. COOK; HAWKINS & GUERRY, for defendants.

McCAY, Judge.

We do not think there was any abuse of the discretion granted by law to Judge Clark. It was his duty to look into the whole case, and if, in his judgment, justice required the parties to be kept in *statu quo* until the hearing, to grant the injunction. As to all these parties, except Mayo, there are suspicious circumstances that justify further and clearer inquiry; and as the Judge has thought it wise to stop them, we think it is our duty not to interfere.

In this State there is never any actual taking possession of land in a levy. The entry on the *fi. fa.* by the levying officer is the levy. This is an official assertion by him of his appropriation of the land to the plaintiff's judgment. To constitute a levy there must be a seizure by the sheriff. In personal property this is done by taking possession. In this State, though the process used is a *fieri facias,* the universal practice has been for many years, not to take possession, but to make the levy by entry on the *fi. fa.* and give notice to

the person in possession. We are inclined to hold that notice was necessary to make the levy complete; but the language of the Code (section 3595) implies that the levy is made before the notice.

If the entry is the levy, this land was not legally sold. It was not advertised the thirty days required by law after the levy; and even Mayo knew of this. We are not sure he would not be bound to know it, since the levy is a part, and a necessary part, of the authority to sell.

Judgment affirmed.