A97A1027. JAMESTOWN ASSOCIATES v. FULTON COUNTY BOARD OF TAX ASSESSORS.
(492 SE2d 1)

Judge Harold R. Banke.

The following salient facts are not in dispute. On July 24, 1991, Jamestown Associates ("Jamestown") filed suit against the City of Atlanta ("City") and the City of College Park asserting that the flight operations of Hartsfield International Airport had so severely damaged the economic use and value of its apartment complex as to constitute inverse condemnation and a taking. Several years later, Jamestown and the City entered into a settlement agreement in which the City agreed to pay $1,175,000 in exchange for a deed to the property. On December 30, 1994, a real estate closing occurred pursuant to the settlement and consent judgment, at which time the City purchased, received a deed, and took title to the subject property from Jamestown. At the closing, Jamestown, under protest, paid the ad valorem taxes for 1991 through 1994 to Fulton County.

Jamestown filed the underlying action to appeal from decisions of the Fulton County Board of Equalization with regard to the fair market value established by the Fulton County Board of Assessors ("Board") for Jamestown Court Apartments for the tax years in question and for a review of the issue of taxability. Prior to trial, the parties agreed to the amount of taxes and agreed to submit the issue of taxability to the court. Jamestown contended that because its property had been constructively taken, ownership vested in the City, and it owed no taxes for the tax years in question. The trial court rejected this argument. Determining that the City did not obtain title to the subject property until December 1994, the trial court held that no legal transfer of title took place until that date. The trial court held that because Jamestown was the legal owner of record of the

property for 1991-1994, Jamestown was properly assessed by Fulton County for the ad valorem taxes at issue. Enumerating one error, Jamestown appeals. *Held*:

Jamestown contends that the trial court erred in finding that the date of taking (the date when it filed its inverse condemnation suit) was not the date on which the property was equitably converted and on which the title to the property was transferred to the City. Jamestown claims that as of July 24, 1991, the City had equitably converted the property and had become the property owner, absolving Jamestown of liability for property taxes.[1] Jamestown contends that its settlement with the City constituted an explicit acknowledgment by the City that Jamestown's property had been taken as of the date the complaint was filed. We disagree. It is undisputed that the legal transfer of the title to the real property at issue occurred on December 30, 1994. Therefore, in the absence of legal authority to the contrary, Jamestown continued to be the owner until that date. See OCGA §§ 48-5-9; 48-5-10. (Ad valorem taxes upon real property are assessed upon the owner of record of the property as of January 1 of each tax year.) In fact, the record shows that Jamestown, as the owner, pursued its legal right to appeal the assessments for each of these years. The record further discloses that although the apartment complex had a high vacancy rate, Jamestown continued to operate these apartments during the tax years in question. The fact that the settlement required Jamestown to deliver a deed of conveyance to the City further underscores Jamestown's continued ownership until it conveyed the property to the City.

Nor does the record support Jamestown's contention that its settlement with the City constituted an "explicit acknowledgment" that the property had been taken by the City on the date the complaint was filed. The consent judgment did not address or make any findings as to inverse condemnation, damages, or a taking.

Jamestown failed to offer any Georgia authority showing that by filing an action based on inverse condemnation, legal title vested retroactively in the City. Jamestown's effort to offer foreign authority for that theory is unpersuasive, as the cases it cites involve condemnation actions with dates of taking which were either stipulated to or involve undisputed and complete takings on a date certain. In the absence of any applicable authority to the contrary, we find that the trial court correctly determined that Jamestown remained the legal owner of the real property until the title was formally transferred to the City.

---

[1] Even assuming arguendo that the City became the property owner on July 24, 1991, Jamestown would still be liable for some or all of the 1991 ad valorem taxes because it was the owner of record as of January 1.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 18, 1997 —
RECONSIDERATION DENIED SEPTEMBER 4, 1997.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert,* for appellant.
*Carothers & Mitchell, Richard A. Carothers,* for appellee.