S04A1257. THARP v. HARPAGON COMPANY.
(604 SE2d 156)

HUNSTEIN, Justice.

After Nathan H. Tharp, Jr. brought suit seeking, inter alia, the cancellation of a tax deed and injunctive relief barring transfer of the property that was subject to that deed, Harpagon Company, the property's current owner, filed an answer and a counterclaim in which it initiated a conventional quiet title proceeding, sought damages for trespass and conversion and asked for attorney fees. For Tharp's failure to comply with its orders the trial court granted Harpagon's motion to involuntarily dismiss Tharp's claims. A special master thereafter heard the quiet title proceeding and the trial court adopted the special master's recommendation that it rule in favor of Harpagon. Harpagon dismissed its remaining claims and the trial court awarded it $36,028 in attorney fees and costs against both Tharp and his counsel. This appeal ensued.

1. Jurisdiction is proper in this Court in this appeal from a judgment entered in a conventional quia timet action, see OCGA § 23-3-40 et seq., brought to remove a cloud from the title of real property caused by equities of redemption following a tax sale. See generally *Johnson v. Red Hill Associates*, 278 Ga. 334 (602 SE2d 572) (2004).

2. Tharp raises on appeal numerous issues regarding the manner in which the tax foreclosure was handled, all of which would have been matters of proof in the proceedings below. "However, since no transcript was made of the proceeding before the special master in which the facts of the case were established, the special master's findings on which the trial court's judgment was based cannot be reviewed. [Cit.]" Id. at 336 (3).

3. Tharp also raises for the first time on appeal numerous issues not raised or ruled upon below. Accordingly, we cannot address Tharp's arguments. See generally *Gotel v. Thomas*, 277 Ga. 532, 533 (592 SE2d 78) (2004).

4. Issuance of the tax execution in the name of Tharp's predecessor in interest, who owned the property as of January 1 of the tax year at issue, was proper. See OCGA §§ 48-5-10, 48-5-9; *Jamestown Associates v. Fulton County Bd. of Tax Assessors*, 228 Ga. App. 360 (492 SE2d 1) (1997). Contrary to Tharp's argument, the holding in *Canoeside Properties v. Livsey*, 277 Ga. 425 (589 SE2d 116) (2003) is not applicable where, as here, the evidence establishes that the property sold at the tax sale was the property of the actual title holder at the time of the sale, i.e., Tharp.

5. The attorney fee award imposed by the trial court having already been paid by Tharp's attorney, his enumerations of error regarding that award are moot. See OCGA § 5-6-48 (b).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 12, 2004 —
RECONSIDERATION DENIED NOVEMBER 22, 2004.

*Leon A. Van Gelderen, Stephen M. Levinson, Francis X. Moore, Tilden R. Reid II*, for appellant.

*Proctor & Chambers, Robert J. Proctor, Bradley A. Hutchins*, for appellee.