## A05A1037. THARP v. VESTA HOLDINGS I, LLC et al.

### (625 SE2d 46)

BERNES, Judge.

Appellant Nathan Tharp, Jr. appeals from the trial court's decision granting summary judgment in favor of appellees Vesta Holdings I, LLC, Vesta Holdings I, LLC d/b/a Heartwood 11, Inc., and Jacquelyn Barrett, individually and as Sheriff of Fulton County in Tharp's lawsuit seeking damages for the alleged improper tax sale of his property. On appeal, Tharp contends that the trial court erred (1) in granting appellees' motions for summary judgment on the ground that there are genuine issues of material fact as to whether proper notice of the tax execution was provided and whether Vesta acted as the Sheriff's agent such that its bid at the tax sale was prohibited; (2) in excluding from evidence deposition testimony of the Sheriff and her representatives given in prior actions; and (3) in denying Tharp's motion to strike appellees' evidence. Tharp also contends (4) the trial judge was biased and pre-judged the case against him. We find Tharp's contentions to be without merit, and affirm.

1. Tharp contends the trial court erred in granting summary judgment to both Vesta and the Sheriff. On appeal of a motion for summary judgment, we review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). "Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case." (Citations and punctuation omitted.) Id. at 251.

So viewed, the evidence shows that at the commencement of the 1998 tax year, NCO, Inc. was the record owner/taxpayer of the subject property at 1015 Michigan Avenue, Atlanta, Fulton County, Georgia ("the property"). Thereafter, on June 19, 1998, Tharp purchased the property from NCO, Inc. On December 10, 1998, after the 1998 city and county taxes became delinquent, the Fulton County Tax Commissioner issued a tax writ of fieri facias ("fi. fa.").[1] Following Vesta's service of 60-day notice of its intent to purchase the tax executions,[2] Vesta purchased the tax fi. fa. on April 30, 1999.

---

[1] The tax fi. fa. was issued in the name of NCO, Inc., the previous property owner. In *Tharp v. Harpagon Co.*, 278 Ga. 654, 655 (4) (604 SE2d 156) (2004), the Supreme Court of Georgia determined that it was proper to issue the tax execution in the name of Tharp's predecessor in interest who owned the property as of January 1 of the tax year at issue.

[2] Prior to being repealed under Ga. L. 2002, p. 1481, § 1, OCGA § 48-3-19 (b) (1) required that a person who is not a lawful heir or an equity holder in the property provide 60 days' notice

Vesta delivered the tax fi. fa. to the Fulton County Sheriff's Office for levy and sale. On August 20, 1999, at least 20 days prior to sale,[3] the Sheriff's Office issued a Notice of Execution of Tax Levy to Tharp at the address of the property, to NCO, Inc., and to Diversified Capital Corporation.[4] The notice was mailed certified, return receipt requested by Vesta. Notice of the Execution and Tax Levy was tacked to the property on August 20, 1999. Notice also was published in the Fulton County Daily Report for four consecutive weeks prior to the sale.[5] The published notice specifically referenced Tharp, NCO, Inc. and Diversified Capital. Thereafter, on or about September 22, 1999, at least ten days prior to the tax sale,[6] the Sheriff's Office issued a Final Notice of Execution of Levy and Tax Sale, which was sent via certified mail to Tharp at the property address, and to NCO, Inc. Executed return receipts confirmed delivery of the 20-day notice to NCO, Inc. and Diversified Capital; however, the certified mail sent to Tharp at the property address was returned as unclaimed.

Heartwood 11 acquired the property as the highest bidder at the tax sale which took place on October 5, 1999.

(a) Tharp contends the Sheriff failed to make an official entry of levy on the property and that the sale was therefore void. See OCGA § 9-13-12. As an initial matter, we note Tharp was unsuccessful in his attempts to have the sale voided. See *Tharp v. Harpagon Co.*, 278 Ga. 654 (604 SE2d 156) (2004). We address this issue only insofar as it relates to Tharp's claim for damages.

---

of an intention to purchase the tax fi. fa. to the property owner by certified mail and to its occupant by first class mail.

[3] OCGA § 48-3-9 (a) provides in pertinent part:
Whenever any real estate is levied upon by the sheriff for taxes, it shall be the sheriff's duty before proceeding to advertise the property for sale as provided by law to give 20 days' written notice of the levy to the record owner of the property and the record owner of each security deed and mortgage affecting such property . . . either in person or by registered or certified mail or statutory overnight delivery, with return receipt requested at the address given on the list.
See also OCGA § 9-13-13 (a) ("written notice of the levy must be given personally or delivered by certified mail or statutory overnight delivery to the tenant in possession and to the defendant if not in possession").

[4] In executions for ad valorem taxes, notice shall be sent to the fi. fa. defendant's last known address as listed in the records of the county's tax commissioner. OCGA § 48-4-1 (a) (1). The record owner of the property listed in the Fulton County Tax Commissioner's Office was NCO, Inc. at the property address. There is no evidence that Tharp provided the Fulton County Tax Commissioner's Office with different contact information for sending tax bills and notices upon his subsequent purchase of the property. Accordingly, subsequent to Tharp's purchase, the notices were sent to the property address in Tharp's name.

[5] OCGA § 48-4-1 (a) requires that when a levy is made upon property, the property be advertised and sold in the same manner as provided for executions and judicial sales. OCGA §§ 9-13-140 (a) and 9-13-141 provide for advertisement for four weeks in a newspaper published at the county site.

[6] In addition to other notice required by law, ten days' written notice of the tax sale must be given by registered or certified mail or statutory overnight delivery. OCGA § 48-4-1 (a).

A levy on land may be accomplished by a simple entry[7] on the fi. fa. by the levying officer. See OCGA § 9-13-12; *Isam v. Hooks*, 46 Ga. 309, 314-315 (1872). Notwithstanding this fact, a valid levy of an attachment upon real estate may also be accomplished by "some overt act of constructive seizure." (Citations and punctuation omitted.) *Lane v. Bradfield*, 37 Ga. App. 395 (1) (140 SE 417) (1927). In this case, constructive levy of the property was made by tacking the Notice of Execution and Tax Levy issued by the Sheriff onto the property itself.[8] The notice specified: "We are on this date, 8/19/1999, levying the herein described property on behalf of Vesta Holdings I, LLC, as transferee of said FIFas. The herein described property is now levied and served by the undersigned [Sheriff] to satisfy said Fieri Facias." The tacked notice also was issued to the tenant in possession and to Tharp at the address of record. As such, the evidence establishes that the Sheriff had effectuated a levy on the property prior to issuing the required notices, advertisements, and sale of the property.[9]

(b) Tharp also claims that he was not properly served with notice of the tax levy and sale. The record reveals that the required notices were sent in Tharp's name to the property address and that notice had been tacked onto the property itself. The record further reflects that the billing and mailing address that was provided to the Tax Commissioner's Office when Tharp purchased the property was the same as the subject property address where the notices were sent.[10] Thus, even if Tharp did not have actual notice of the impending sale, he at least had constructive notice. Tharp would have known of the delinquent tax status and of the impending tax sale had he exercised the slightest due diligence. See *Harper v. Foxworthy, Inc.*, 254 Ga. App. 495, 498 (1) (562 SE2d 736) (2002). Therefore, his claims as alleged create no genuine issues of fact or law.[11]

---

[7] The entry must "plainly describe the property levied on and the amount of the interest of defendant therein." OCGA § 9-13-12.

[8] The record shows that Darian Driver was legally appointed as a permanent process server by the court, and thus, was authorized to tack the notice onto the property on behalf of the Sheriff.

[9] Even if entry of levy had not been officially made, the entry could be made by order of the court nunc pro tunc to August 20, 1999, the date the tacked notice of levy was made. "If the sheriff or other executing officer fails to make an official return which by law he should have made, the entry or return may be made nunc pro tunc by order of the court, so as to make the proceedings conform to the facts at the time the entry should have been made." OCGA § 15-16-16.

[10] In Tharp's affidavit, he claims that he purchased property at the address of 1152 Arlington Avenue in Fulton County in 1990 and received mail at that address through the year 2000. However, this was not the billing and mailing address provided to the Tax Commissioner's Office when Tharp purchased the property at issue in 1998. An Affidavit of Service entered by a process server indicated that an attempt to serve the Notice of Foreclosure of Right to Redeem to Tharp at that Arlington Avenue address on November 11, 2000 was unsuccessful and noted there was wet unopened mail on the premises.

[11] We also find no merit in Tharp's contention that he "has lost his property because of their

(c) Tharp further asserts that the notices of tax levy and sale were invalid since they were served by Vesta rather than the Sheriff. We disagree. The notices of levy and tax sale of record reflect that they were issued on the Sheriff's official letterhead and under the Sheriff's signature. Vesta mailed the notices by certified mail, arranged for a court-appointed process server to tack notice to the property, and arranged for publication of notice in the Fulton County Daily Report. In *Harper*, 254 Ga. App. at 497-498 (1), this Court approved of the trial court's determination that proper statutory notice of the tax sale had been provided to the appellant taxpayer under circumstances when Vesta prepared and mailed the notices on the Sheriff's behalf. Following *Harper*, we hold that as a matter of law these procedures for issuance of the tax sale notices to Tharp were not invalid in this case.

(d) Citing to OCGA § 15-16-18, Tharp further contends that Vesta should have been barred from bidding at the tax sale on the grounds that Vesta acted as the Sheriff's agent while preparing and serving the tax sale notices. OCGA § 15-16-18 provides:

> No sheriff or deputy or other officer discharging a similar duty shall be permitted to purchase any property whatever at his own sale, either upon his own bid or upon the bid of any other person for him, directly or indirectly. All such sales and deeds in pursuance thereto, . . . shall be null and void.

Pretermitting whether by mailing the notices Vesta acted as an "other officer discharging a similar duty" as contemplated in OCGA § 15-16-18, the remedy for a violation of the statute is that the sale "shall be null and void." In his previous lawsuit, Tharp was unsuccessful in having the tax deed cancelled and the sale voided. See *Tharp*, 278 Ga. at 655 (4). He cannot relitigate this issue in this appeal.

Moreover, while a party may arguably pursue an action for damages under OCGA § 15-16-18 when there is evidence of fraud in carrying out the sale, see *Giles v. Bank of Southwestern Ga.*, 102 Ga. 702, 705 (2) (29 SE 600) (1897), Tharp has failed to produce evidence essential to his claim.

> The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act

---

illegal and improper manipulations of the tax sale statutes and Georgia law." Tharp lost his property because he failed to ensure payment of the property taxes. The Fulton County Tax Commissioner's ad valorem payment history shows that Heartwood paid the property taxes for the years 1998, 1999 and 2000.

or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort. Because summary judgment is appropriate if only one essential element of [Tharp's] claim is eliminated, we need not address all the issues raised on appeal or in the motion for summary judgment to resolve this appeal.

(Citation omitted.) *Johnson v. Rodier*, 242 Ga. App. 496, 498 (2) (529 SE2d 442) (2000).

Tharp predicated his claims for fraud, deceit and misrepresentation on appellees' alleged failure to provide him with notice of the tax sale. There is no evidence of record to support his contention that appellees breached any duty to provide him with notice of the tax sale or that there was evidence of any misrepresentation. As we held in Division 1 (b) herein, appellees provided Tharp sufficient notice of the tax sale. Additionally, there is a lack of evidence showing due diligence by Tharp. Tharp failed to provide the tax commissioner with a proper address and failed to pay his taxes. "One allegedly defrauded must have exercised due diligence to discover the fraud perpetrated against him before he can recover." (Citations and punctuation omitted.) *Delk v. Tom Peterson Realtors, Inc.*, 220 Ga. App. 576, 577 (469 SE2d 741) (1996).

Since Tharp failed to present evidence that appellees breached any duty to notify him of the tax sale and further failed to show that he exercised due diligence, his fraud claim must fail. Therefore, the trial court was authorized to grant summary judgment in favor of Vesta as to these claims.

(e) Tharp further claims that the Sheriff violated her duties by allowing Vesta to serve the Notice of Foreclosure of Right to Redeem ("the notice of barment").[12] OCGA § 48-4-45 (a) (1) (A) provides, "[a]fter 12 months from the date of [the] tax sale, *the purchaser* at the sale . . . may . . . forever bar the right to redeem the property from the sale by causing a notice or notices of the foreclosure . . . [t]o be served upon . . . the defendant in execution under or by virtue of which the sale was held." (Emphasis supplied.) OCGA § 48-4-46 (b) further requires *the purchaser* to deliver the notice with a list of the persons to be served to the Sheriff for service. In this case, however, there is no evidence in the record showing that the notice of barment was ever provided to the Sheriff by the purchaser for service. Consequently,

---

[12] In this case, the record shows that attempted service of the notice of barment was made by an appointed process server.

there is no evidence that the Sheriff violated her duties regarding service of the notice of barment as alleged.

Tharp's claims before the trial court and his appellate arguments were all based on the validity of the conduct of the tax levy and sale. We uphold the tax levy and sale based on the issues raised, and conclude that the trial court's decision granting summary judgment in favor of appellees was proper.[13]

2. Tharp next contends that the trial court erred by excluding from evidence deposition testimony given by the Sheriff and her representatives in unrelated prior actions. "The admission of evidence lies in the sound discretion of the trial court." (Citation omitted.) *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 902 (2) (517 SE2d 365) (1999). According to Tharp, the trial court abused its discretion by excluding the deposition testimony because the deponents' statements were admissible under OCGA §§ 9-11-32 (a) (2) and 24-3-31.

Pretermitting whether the trial court abused its discretion by excluding the deposition testimony, we note that Tharp never argued before the trial court that the statements made in the depositions were admissible under either of these two statutory provisions. "We do not consider arguments neither raised nor ruled on by the court below and that are asserted for the first time on appeal." (Citation and punctuation omitted.) *Johnson v. Riverdale Anesthesia Assoc.*, 249 Ga. App. 152, 153 (1), n. 6 (547 SE2d 347) (2001) (appellants raised argument for first time on appeal that testimony was admissible because appellees had "opened the door"). See also *Prince v. State*, 257 Ga. 84, 86 (3) (355 SE2d 424) (1987) (refusing to consider argument raised for first time on appeal that hearsay statements were admissible as prior statements of an in-court witness); *Whitley v. Gwinnett County*, 221 Ga. App. 18, 21 (3) (470 SE2d 724) (1996) (failure of appellant to raise argument before trial court that evidence could be admitted for impeachment purposes foreclosed appellate consideration). Hence, Tharp's failure to raise before the trial court his arguments for admissibility predicated on OCGA §§ 9-11-32 (a) (2) and 24-3-31 precludes appellate review of those arguments.

3. Tharp further contends that the trial court erred by denying his motion to strike appellees' evidence. Tharp's written motion sought to strike "[a]ny and all statements of fact" on the alleged grounds that they were made without personal knowledge. Tharp also sought to strike multiple documents on the grounds that the

---

[13] In light of our decision that there was no evidence of a wrongful act upon which the Sheriff could be held liable, we need not address the issue of whether the Sheriff was entitled to immunity for the performance of her official duties in the tax levy and sale. Since there is no liability, the immunity issue is moot.

documents were not properly authenticated and contained hearsay, unsupported conclusions, or irrelevant information.

The trial court denied the motion to strike, ruling that it was not specific and sought to strike virtually every piece of evidence submitted by the movants. We agree with the trial court's ruling.

Tharp's objection that the documents were not properly authenticated is without merit.

> OCGA § 24-3-14 prescribes the statutory standard for the admission in evidence of records made in the regular course of business. This Code section is to be liberally interpreted and applied. OCGA § 24-3-14 (d). . . . Before a writing or record is admissible, under OCGA § 24-3-14 (b), a foundation must be laid through the testimony of a witness who is familiar with the method of keeping the records and who can testify thereto and to facts which show that the entry was made in the regular course of a business at the time of the event or within a reasonable time thereafter. . . . A witness identifying business records under OCGA § 24-3-14 does not have to have personal knowledge of the correctness of the records or have made the entry himself.

(Citations and emphasis omitted.) *Hertz Corp. v. McCray*, 198 Ga. App. 484, 485 (2) (402 SE2d 298) (1991).

Lieutenant Earl Glenn testified during his deposition in this case that he was the custodian of the Sheriff Department's tax levy files and the notices, logs and tax deeds were kept in those files or in the record room as a common practice. He also identified the documents which were attached as exhibits to his deposition. During the Glenn deposition, counsel for the parties further stipulated that the documents — including the tax fi. fas., notices, certified mail logs and receipts, and tacked notice, attached as exhibits — came from the Sheriff Department's file. Also, Thomas Biggers of the Fulton County Tax Commissioner's Delinquent Tax Division attested in his affidavit that he had knowledge of the tax history of the property concerned in this case, and the tax records attached to his affidavit were business records issued by his office, which handled the delinquent billing and the issuance and transfer of fi. fas. The testimony in this regard was sufficient to authorize a finding that these witnesses were familiar with the method of keeping the records and that the documents were made in the regular course of business at the time of the events. Therefore, the trial judge was authorized to admit the documents into evidence as records made in the regular course of business. OCGA § 24-3-14 (b). See also *Carter v. Tokai Financial Svcs.*, 231 Ga. App. 755, 759-760 (3) (500 SE2d 638) (1998).

Tharp's remaining objections amounted to general objections and as such, were improperly raised.

> Where evidence is objected to in its entirety, some portion of which is admissible, such objection is not well taken, though some of the evidence may be inadmissible. The same rule pertains to a motion to exclude. . . . The court [is] not obliged to separate the wheat from the chaff [in ruling upon the admissibility of evidence].

(Citations and punctuation omitted.) *Mark Inn, Inc. v. Dept. of Transp.*, 174 Ga. App. 420, 421 (1) (330 SE2d 134) (1985). See also *Brantley v. Heller*, 101 Ga. App. 16, 18 (1) (112 SE2d 685) (1960); *McDaniel v. Dept. of Transp.*, 200 Ga. App. 674, 679 (3) (409 SE2d 552) (1991).

Tharp's motion to strike and his argument to the trial court presented nothing more than a general objection which failed to clarify what portion of the documents was objectionable. The trial court was not required to separate the wheat from the chaff, and therefore, there was no abuse of discretion in the denial of Tharp's motion to strike. *Mark Inn, Inc.*, 174 Ga. App. at 421 (1).

4. Tharp last contends that the trial court was biased and improperly pre-judged the case. Although Tharp raised this issue at the motion for summary judgment hearing, he did not invoke a ruling from the trial court or file a motion to recuse. As such, this allegation has not been preserved for appeal. Tharp "waived any objection that he had to the judge's presiding over the case." *In the Interest of C. C. C.*, 188 Ga. App. 849, 850 (1) (374 SE2d 754) (1988). See also *Langton v. Dept. of Corrections*, 220 Ga. App. 445, 447 (3) (469 SE2d 509) (1996).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 29, 2005 —
RECONSIDERATION DENIED DECEMBER 15, 2005 —

*Francis X. Moore, Tilden R. Reid II*, for appellant.
*Proctor, Chambers & Hutchins, Robert J. Proctor, Bradley A. Hutchins, Vernitia A. Shannon, Vincent D. Hyman*, for appellees.