S06A0764. HUMAN v. HARPAGON COMPANY, LLC.
(637 SE2d 684)

MELTON, Justice.

Property owned by Larry Human, a delinquent taxpayer, was levied in 2002 for collection of past due property taxes and sold to Heartwood 11, LLC ("Heartwood"). Human was served with a notice barring the right of redemption pursuant to OCGA § 48-4-45, which informed Human that his right to redeem the property would expire on February 20, 2004. Human did not redeem the property within the redemption period (see OCGA § 48-4-42), and on February 20, 2004 Heartwood conveyed the property to the Harpagon Company, LLC ("Harpagon"). On April 21, 2004, Harpagon filed a petition to quiet title to the property pursuant to OCGA § 23-3-40. Following a hearing, a special master concluded that the property was lawfully levied for failure to pay taxes and that fee simple interest in the property vested in Harpagon. Human appeals from the denial of his motion for new trial, contending that the tax sale was void because of alleged deficiencies in the tax sale process and that the trial court erred in denying him a jury trial.

1. Human contends that the special master erred by denying his right to a jury trial in Harpagon's quiet title action. However, because this action was brought "to remove clouds on [Harpagon's] title" pursuant to the conventional quia timet statute, OCGA § 23-3-40, Human had no right to a jury trial. *Johnson v. Red Hill Assoc., Inc.,* 278 Ga. 334, 335 (2) (602 SE2d 572) (2004).

2. Human's remaining arguments challenge the trial court's adoption of the special master's findings regarding the legitimacy of the tax sale. "However, since no transcript was made of the proceeding before the special master in which the facts of the case were established, the special master's findings on which the trial court's

judgment was based cannot be reviewed." (Citation omitted.) *Johnson v. Red Hill Assoc., Inc.* at 336 (3).[*]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert, Barry L. Zimmerman*, for appellant.

*Proctor, Chambers & Hutchins, Robert J. Proctor, Bradley A. Hutchins, Edward T. McAfee*, for appellee.

---

[*] To the extent that Human claims that the trial court's final judgment was void because the court did not file the special master's report until several months after it had already entered its final judgment, such argument is without merit. It is undisputed that Human had actual notice of the special master's findings and conclusions prior to the trial court entering the order adopting the special master's findings.