S07A1648. DRST HOLDINGS, LTD. v. AGIO CORP.
(655 SE2d 586)

CARLEY, Justice.

In May of 2004, the property located at 1096 Hillcrest Drive in DeKalb County was sold to Appellee Agio Corp. at a tax sale conducted by the sheriff of that county. The sale was held for the purpose of satisfying some, but not all, of the tax fi. fas. that had been issued against the property for unpaid state and county taxes. However, the proceeds from this sale were sufficient to satisfy all of the outstanding fi. fas. held by DeKalb County.

In December of 2004, another tax sale of the property was held in connection with the satisfaction of the remaining fi. fas. held by DeKalb County. The purchaser at this sale was Lihua Xiao. Mr. Xiao subsequently transferred his interest in the property to Appellant

---

DRST Holdings, Ltd. Thereafter, except as against each other, Appellee and Appellant completed statutory proceedings to bar the right to redeem the property.

Appellee then initiated this quiet title action, asserting that the deed from Mr. Xiao to Appellant was a cloud on its title. Appellant answered and counterclaimed, contending that it held good title pursuant to the conveyance from Mr. Xiao. In accordance with OCGA § 23-3-63, the case was submitted to a special master who, upon concluding that the sale of the property to Mr. Xiao was void, recommended issuance of a decree which vested fee simple title in Appellee. The trial court approved and adopted the special master's report, and entered a decree vesting title in Appellee. Appellant appeals from that order.

The question presented for resolution is whether, after the initial tax sale conducted in May of 2004 for the purpose of satisfying only some of the fi. fas., it was permissible for DeKalb County to attempt to sell the property yet again in December of 2004 in ostensible satisfaction of the additional fi. fas. In *National Tax Funding v. Harpagon Co.*, 277 Ga. 41, 44 (3) (586 SE2d 235) (2003), we held that,

> following a tax sale, the holder of a competing tax lien has two options — it may either file a claim to collect against any proceeds from the sale, or it may assert its rights following the tax sale via a statutory claim for redemption, in which case it obtains a first priority lien on the property, which it may then enforce by levy and sale. With these two options, the legislature has ensured that holders of competing tax liens can take adequate steps to protect their interest in property sold at a tax sale to another lienholder. What a competing tax lienholder may not do after a tax sale, however, is decline to pursue either of these statutory options . . . .

Prior to the initial sale in May of 2004, DeKalb County was not a competing tax lienholder, since it held all of the fi. fas. However, once DeKalb County chose to sell the property to Appellee for the purpose of satisfying only some of the fi. fas. that it held, it did become a competing tax lienholder as to the remaining unsatisfied fi. fas.

Accordingly, at that point, the two options recognized by *Harpagon Co.* were available to DeKalb County. Those options do not include the right to conduct another sale for the purpose of satisfying the additional fi. fas. DeKalb County could have redeemed the property from Appellee and then conducted a tax sale in an attempt to satisfy all of its tax fi. fas. In the alternative, OCGA § 48-5-28 (a) establishes that a tax lien has priority over virtually all other claims, so that, after the

first sale, DeKalb County could have used the excess proceeds to satisfy the remaining fi. fas. that it held. See OCGA § 48-4-5 (a).

Appellant correctly urges that there is a presumption that the sheriff properly conducted the second sale in December of 2004. See *Livingston v. Hudson*, 85 Ga. 835, 838 (12 SE 17) (1890). However, the decisive factor is not the manner in which the sheriff conducted the sale, but rather the underlying validity of the subsequent sale itself. A tax sale is subject to being set aside whenever it is "infected with . . . irregularity, or error to the injury of either party . . . ." OCGA § 9-13-172. Because, under *Harpagon Co.*, conducting the December 2004 sale was not an authorized option for DeKalb County as a competing lienholder, it was an irregularity or error which injured Appellee by creating a cloud on its title in the form of the tax deed to Mr. Xiao.

As Appellant also correctly notes, at the time of the second tax sale, the right of redemption had not yet been foreclosed and, therefore, Appellee held only a defeasible title which was subject to the remaining unsatisfied fi. fas. held by DeKalb County. The right of redemption had not yet been foreclosed in December of 2004, because Appellee could not exercise its foreclosure option until May of 2005. OCGA § 48-4-40 (1). However, the fact that the equity of redemption had not yet been foreclosed is entirely consistent with the recognition in *Harpagon Co.* that one of the only two options available to the holder of a competing tax lien is assertion of the right to redeem the property from the purchaser at a prior tax sale. That redemption option would be only possible so long as the right to redeem had not yet been foreclosed.

Thus, at the initial tax sale in May of 2004, Appellee acquired a defeasible fee interest in the property, which "title was subject to encumbrance for at least one year after purchase due to the other interested parties' statutory rights of redemption." *National Tax Funding v. Harpagon Co.*, supra at 43 (1). However, Appellee's fee interest was not subject to defeasance by virtue of DeKalb County's holding of a second, unauthorized sale of the property before that year had expired. After the May 2004 tax sale, DeKalb County could not "decline to pursue either of [its] statutory options . . . ." *National Tax Funding v. Harpagon Co.*, supra at 44 (3).

> Were we to conclude otherwise, we would permit tax liens, once they attach to a particular piece of property, to survive in perpetuity until the tax obligations are paid in full. If that were true, and if the taxes remained unpaid, the same piece of property could be sold at numerous sheriff's sales by a long succession of tax lienholders, and none of the purchasers could obtain good title unless, in addition to the tax sale

purchase price, the purchaser also paid off all existing tax liens (including liens for income taxes, sales taxes, municipal taxes, excise taxes, etc.). . . . While our government obviously has a strong interest in seeing that tax liens are paid, it also has a compelling interest in ensuring that there is a mechanism by which tax deeds may mature into unencumbered and marketable fee simple titles. . . . [U]nder our statutory scheme, where property is encumbered by competing tax liens and one lienholder levies upon the property and obtains a tax deed to it, holders of competing tax liens may either seek to collect from the tax sale proceeds or may assert their rights to redeem the property from the tax sale purchaser.

*National Tax Funding v. Harpagon Co.*, supra at 45 (3).

After the unauthorized tax sale, Mr. Xiao and, subsequently, Appellant stood in the same position as to Appellee's defeasible title that was occupied by their predecessor in interest, DeKalb County. Mr. Xiao, and then Appellant, became holders of competing lienholders as to the property. Where

the tax sale purchaser gives valid notice under the barment statutes and the competing tax lienholder allows the redemption period to mature and pass without taking any action, its lien is divested from the property and no longer encumbers the tax sale purchaser's title interest.

*National Tax Funding v. Harpagon*, supra at 45 (3). Here, Appellant did not take any action to redeem the property after Appellee initiated proceedings to foreclose the right of redemption. Instead, Appellant relied on the tax deed acquired at the void sale held in December of 2004. Under these circumstances, Appellant may be entitled to a refund of the purchase price. However, the only issue in this case is that of title and, as to that issue, the trial court did not err in adopting the special master's report, and correctly entered a decree vesting fee simple title in Appellee.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008.

*C. Terry Blanton, Perrie, Bone & Burr, Amelia T. Phillips*, for appellant.

*Proctor Hutchins, Bradley A. Hutchins, Adam C. Caskey, Christopher M. Porterfield*, for appellee.