S09A0092. POWERS v. CDSAXTON PROPERTIES, LLC.
(676 SE2d 186)

HUNSTEIN, Presiding Justice.

This tax sale case presents the question whether, when no valid levy occurs because of a defect in the writ of execution, the issuance of the notice of levy required by OCGA § 48-3-9 can serve as a seizure of the property so as to "cure" the defect in the writ of execution. We conclude that the actual notice provided by the notice of levy is not a legal substitute for a valid levy and, accordingly, affirm the trial court.

Based on a delinquency of ad valorem taxes due on a parcel of property in Savannah in which Craig and Dana Saxton had an interest, a writ of execution or fieri facias (fi. fa.) was issued in April 2007 by appellant Powers, the Chatham County tax commissioner and ex-officio sheriff. However, the record establishes that the fi. fa. was defective because no entry of levy was made thereon. See OCGA § 9-13-12. Nevertheless, appellant thereafter issued a notice of levy pursuant to OCGA § 48-3-9. The notice of levy was sent via certified mail, return receipt requested, on July 10, 2007, and was received by the Saxtons. The notice of levy informed them, inter alia, that a fi. fa. was recorded against the property; that, unless the tax indebtedness was paid, the property would be advertised for sale in satisfaction of

---

the taxes; and that the tax sale was set for September 4, 2007. Appellant thereafter proceeded to advertise the property for sale on the 10th, 17th, 24th and 31st of August 2007. See OCGA § 9-13-140 (a). The evidence also established that an individual in appellant's office physically tacked a notice of execution of levy on the property in issue at some point between August 15 and the week before the tax sale on September 4.[1] On August 20, appellant issued the ten-day notice of sale required by OCGA § 48-4-1. The property was sold pursuant to the levy on September 4, 2007 to a third party. Two months later Craig Saxton quitclaimed his interest in the property to appellee CDSaxton Properties, LLC.

In May 2008 Craig and Dana Saxton (with appellee thereafter substituted in their place over appellant's objection) filed a suit to set aside the tax sale, asserting that a proper levy did not occur. After a hearing, the trial court found that appellant failed to accomplish a valid levy on the property either in the manner provided by OCGA § 9-13-12[2] or in the manner established by case law, i.e., by some overt act of constructive seizure. See, e.g., *Tharp v. Vesta Holdings I*, 276 Ga. App. 901 (1) (a) (625 SE2d 46) (2005). In the latter regard, the trial court found that, although an overt act of constructive seizure occurred when the notice of levy was physically posted on the property at some point between August 15 and September 4, appellant failed to wait the 20-day period after giving the notice of levy before advertising the property for sale and thus failed to comply with OCGA § 48-3-9 (a). The trial court accordingly granted appellee's motion to set aside the tax sale.

1. The trial court correctly recognized that Georgia law recognizes only two means of accomplishing a valid levy on real property.

> A levy on land may be accomplished by a simple entry on the fi. fa. by the levying officer. See OCGA § 9-13-12; *Isam v. Hooks*, 46 Ga. 309, 314-315 (1872). Notwithstanding this fact, a valid levy of an attachment upon real estate may also be accomplished by "some overt act of constructive seizure." . . . [Cit.]

(Footnote omitted.) *Tharp v. Vesta Holdings*, supra, 276 Ga. App. at 903 (1) (a). As reflected in both *Tharp* and *Davis v. Harpagon Co.*,

---

[1] This notice contained the date of August 15, 2007 as the levy date; testimony was adduced that August 15 was the "date stamp" generated by a computer when the notice was printed.

[2] OCGA § 9-13-12 provides:

The officer making a levy shall enter the same on the process by virtue of which levy is made and in the entry shall plainly describe the property levied on and the amount of the interest of defendant therein.

283 Ga. 539 (1) (661 SE2d 545) (2008), on which appellant relies, a "constructive seizure" may occur when there is the physical tacking of the notice of execution of levy on the real property in issue, resulting in a valid levy upon timely compliance with the notice requirements and other procedures set forth in the statutory scheme for tax sales.

The trial court properly rejected appellant's argument that appellant levied upon the property on July 10, 2007 when it issued the notice of levy required by OCGA § 48-3-9 (a). Nothing in the language of OCGA § 48-3-9[3] indicates that the Legislature intended for the notice of levy to substitute for a properly-executed fi. fa. Such a construction contradicts the plain language of that statute, which presupposes the issuance of the notice only after a valid levy has occurred. We therefore decline to engraft upon the notice of levy a legal significance not intended by the Legislature. Nor do we agree with appellant that the principle of "constructive seizure" of property should be expanded beyond the historic manner recognized by our case law, i.e., the physical tacking of the notice on property. Whether a less stringent method of levying upon realty for nonpayment of ad valorem taxes should be recognized is a matter best addressed to the General Assembly.

2. The trial court did not err by allowing appellee to be substituted for Craig and Dana Saxton. OCGA § 9-11-17 (a).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Ranitz, Mahoney & Mahoney, Thomas J. Mahoney, Jr.*, for appellant.

*Thomas R. Herndon, Brannen, Searcy & Smith, Charles V. Loncon*, for appellee.

---

[3] OCGA § 48-3-9 (a) provides:

Whenever any real estate is levied upon by the sheriff for taxes, it shall be the sheriff's duty before proceeding to advertise the property for sale as provided by law to give 20 days' written notice of the levy to the record owner of the property and [certain secured parties]. The period of 20 days shall begin to run from the time the notice is personally delivered or, when delivered by registered or certified mail . . . , from the date of its mailing. The notice shall contain [certain required information]. The notice shall be delivered to the owner and any secured parties . . . . The sheriff shall keep a copy of the notice on which he or she shall enter the date the notice was delivered and how, where, and to whom the notice was delivered.

Subsection (b) of the statute sets forth the information required to entitle a secured party to the notice provided in subsection (a).

*Troutman Sanders, T. Jerry Jackson, Kevin G. Meeks*, amici curiae.