S09G0990. HUFF v. THE HARPAGON COMPANY, LLC.
(692 SE2d 336)

HUNSTEIN, Chief Justice.

We granted the petition for writ of certiorari filed by appellant Huff, who is the Muscogee County Tax Commissioner, to address the holding in *Harpagon Co. v. Huff*, 296 Ga. App. 107 (1), (2) (673 SE2d 592) (2009), regarding the types of fees that may be collected pursuant to former OCGA § 48-5-161 (c) (2), which are assessed "[o]nce a levy is made or posted on the property of a delinquent or defaulting taxpayer." Id. Although we disapprove certain language in the Court of Appeals' opinion, we affirm its holding in Division 2 that no levy occurred in this case that would have authorized the imposition and collection of the statutory fees at issue. Because the absence of this essential factual predicate means that any appellate court construction of former OCGA § 48-5-161 (c) (2) would be advisory only, we accordingly reverse and remand this case to the Court of Appeals with direction that it vacate its holding in Division 1.

1. It is well established that

> Georgia law recognizes only two means of accomplishing a valid levy on real property. A levy on land may be accomplished by a simple entry on the fi. fa. by the levying officer. See OCGA § 9-13-12; *Isam v. Hooks*, 46 Ga. 309, 314-315 (1872). Notwithstanding this fact, a valid levy of an attachment upon real estate may also be accomplished by some overt act of constructive seizure. [Cit.] . . . [A] constructive seizure may occur when there is the physical tacking of the notice of execution of levy on the real property in issue, resulting in a valid levy upon timely compliance with the notice requirements and other procedures set forth in the statutory scheme for tax sales.

(Citations and punctuation omitted.) *Powers v. CDSaxton Properties*, 285 Ga. 303, 304-305 (1) (676 SE2d 186) (2009). Accord former OCGA § 48-5-161 (c) (2). Although appellant, in asserting that the subject property was levied upon, points repeatedly to documents in the record reflecting unsigned and undated executions that were

recorded in the execution docket,[1] the record clearly reflects that there is no official entry of levy by the levying officer on those documents, i.e., no signature accompanying a statement that the property identified on the execution had been levied upon. The law is clear that neither the mere issuance of a writ of execution nor its recordation without the official entry of levy can qualify as a valid levy. See *Powers*, supra.

The Court of Appeals correctly recognized that the execution documents on which appellant relies did not show a valid levy occurred. *Harpagon Co.*, supra, 296 Ga. App. at 110 (2). It next recognized properly that no levy occurred when a collection agent for Muscogee County was told to begin "phase two" of the collection process, id., as nothing in the record reflects a physical tacking of a valid notice of execution of levy on the real property in issue. See generally *Powers*, supra, 285 Ga. at 304-305 (1).[2] Then, quoting Black's Law Dictionary and its definition of levy as " '(t)he legally sanctioned seizure and sale of property' [cit.]," *Harpagon Co.*, supra at 110 (2), the Court of Appeals concluded that a levy "is the actual sale itself" of the property of a delinquent or defaulting taxpayer. Id. at 111 (2). However, as stated above, there are only two means of accomplishing a levy in Georgia: by the official entry of levy on the execution or by some overt act of constructive seizure, i.e., posting on the property itself, "prior to issuing the required notices, advertisements, and sale of the property." (Footnote omitted.) *Tharp v. Vesta Holdings I*, 276 Ga. App. 901, 903 (1) (a) (625 SE2d 46) (2005). See also *Powers*, supra (tax sale set aside where no valid levy previously occurred); *Edward Kellogg & Co. v. Buckley & Short*, 17 Ga. 187, 191 (3) (1855) (recognizing there must be a previous valid levy on land under execution for its sale to be valid). We thus disapprove the Court of Appeals' erroneous statement that the actual sale of property under execution is a levy.

2. Appellant sought to collect the fees at issue here from appellee pursuant to former OCGA § 48-5-161 (c) (2), which authorizes a sheriff or ex officio sheriff to collect certain denominated fees only "[o]nce a levy is made or posted on the property of a delinquent or defaulting taxpayer." As we held above, the Court of Appeals correctly concluded no levy occurred in this case that would have authorized the collection of any fees set forth in that statute. However, because there was no valid levy, it follows that the fee discussion by the Court of Appeals constituted an improper advisory

---

[1] We express no opinion on the validity of the unsigned and undated "executions" in this case.

[2] As we held in *Powers*, supra at 305 (1), the notice of levy required by OCGA § 48-3-9 (a) does not substitute for a properly-executed fi. fa.

opinion in that the court attempted to determine in the abstract how this statute should be construed. "Georgia appellate courts are not authorized to render advisory opinions as to potential error. [Cits.]" *Bibbins v. State*, 280 Ga. 283, 284-285 (627 SE2d 29) (2006). See also *City of Atlanta v. Hotels.com*, 285 Ga. 231, n. 4 (674 SE2d 898) (2009) (this Court will not issue an advisory opinion). Accordingly, because the construction to be given the fees provision in OCGA § 48-5-161 was not properly before the Court of Appeals,[3] we reverse in part and remand this case to that court with direction that it vacate its advisory language.

*Judgment affirmed in part and reversed and remanded with direction in part. All the Justices concur.*

DECIDED MARCH 22, 2010.

*Page, Scrantom, Sprouse, Tucker & Ford, James C. Clark, Jr., Travis C. Hargrove*, for appellant.

*Proctor, Hutchins & Porterfield, Robert J. Proctor, Cristine Patterson*, for appellee.

---

[3] We note that OCGA § 48-5-161 was amended in 2009. See Ga. L. 2009, p. 216. The amendment added, inter alia, subsection (c) (2) (A), which provides that the "costs" collectible under the statute "include[ ], but [are] not limited to, title examination expenses, certified mail expenses, reasonable attorney's fees, or other such necessary research expenses." Thus, it appears that the costs now enumerated in OCGA § 48-5-161 (c) (2) (A) include the costs at issue in this case. See generally *Board of Assessors of Jefferson County v. McCoy Grain Exchange*, 234 Ga. App. 98 (505 SE2d 832) (1998) (courts presume some change in existing law was intended from addition of new statutory language); see also preamble to Ga. L. 2009 at 216 (providing that it amends Title 48, inter alia, "to change certain provisions regarding collection of costs"). OCGA § 48-5-161 was further amended to change the point at which the costs could be collected; hence, collection "[o]nce a levy is made or posted on the property of a delinquent or defaulting taxpayer," see former OCGA § 48-5-161 (c) (2), is now collection "[o]nce an execution is issued." OCGA § 48-5-161 (c) (2) (B). See also id. at (c) (1) (requiring entry on the execution of amount collected, including all costs, commissions, interest, and penalties as provided by law, "when the execution is paid by the defendant voluntarily or by levy and sale").