S12A1056. KARLEN v. RELIANCE EQUITIES, LLC.
(731 SE2d 683)

MELTON, Justice.

In January 2011, Reliance Equities, LLC ("Reliance") acquired title to an Atlanta property (the "Property") pursuant to an August 2009 tax sale and a subsequent foreclosure of all rights of redemption. See OCGA §§ 48-4-40 and 48-4-45. Nancy Karlen claimed to have had an interest in the Property based on 2001-2003 tax liens on the Property that she had purchased in 2004. In February 2011, Reliance filed a quiet title action in the Superior Court of Fulton County to establish that it was the fee simple owner of the Property free and clear of all adverse claims. OCGA § 23-3-40. Reliance requested that the matter be submitted to a special master, and the Superior Court granted the request. OCGA § 23-3-43. Following a May 2011 hearing which was not transcribed, and after Karlen acknowledged that she had received proper service of the quiet title action, the special master allowed Karlen additional time to file an amended answer and extended the time for Karlen to assert her right to redeem the Property through September 27, 2011. Karlen neither amended her answer nor made a tender of the statutory redemption amount within the required time period, and following a November 15, 2011 hearing which also was not transcribed, the special master found that any potential rights held by Karlen had been divested. See OCGA § 48-4-45 (a) (1) ("After 12 months from the date of a tax sale, the purchaser at the sale or his heirs, successors, or assigns may terminate, foreclose, divest, and forever bar the right to redeem the property from the sale by causing a notice or notices of the foreclosure, as provided for in this article . . . [t]o be served upon all of the . . . persons [referenced in this statute] who reside in the county in which the property is located."). The special master also ruled that Karlen was prohibited from challenging the validity of the tax sale due to her failure to tender the statutory redemption amount. See OCGA § 48-4-47 (a) (after notice of foreclosure of right of redemption, title conveyed by tax deed will not be invalidated unless plaintiff legally tenders the full amount of the property redemption price). The trial court adopted the special master's findings and entered a final order and decree vesting title in

Reliance. Karlen appeals pro se from the trial court's order, and, for the reasons that follow, we affirm.

1. Karlen contends that the trial court erred in concluding that she held no interest in the Property based on adverse possession or her 2001-2003 tax liens. However, as an initial matter, this Court cannot evaluate Karlen's adverse possession claim without a transcript of the hearings before the special master. Indeed, because "no transcript was made of the proceeding before the special master in which the facts of the case were established, the special master's findings on which the trial court's judgment was based cannot be reviewed." (Citation omitted.) *Johnson v. Red Hill Assocs.*, 278 Ga. 334, 336 (3) (602 SE2d 572) (2004). Furthermore, with respect to Karlen's 2001-2003 tax liens, where, as here,

> the tax sale purchaser gives valid notice under the barment statutes and the competing tax lienholder allows the redemption period to mature and pass without taking any action, [her] lien is divested from the property and no longer encumbers the tax sale purchaser's title interest.

(Citation omitted.) *DRST Holdings, Ltd. v. Agio Corp.*, 282 Ga. 903, 906 (655 SE2d 586) (2008). Accordingly, the trial court did not err in adopting the special master's report and concluding that fee simple title had vested in Reliance.

2. To the extent that Karlen argues that she was improperly denied her right to a jury trial, the record reveals that Karlen never made this argument below, nor was there any ruling on such an argument below. Accordingly, the issue has been waived on appeal. *Tharp v. Harpagon Co.*, 278 Ga. 654 (3) (604 SE2d 156) (2004). In any event, even if the issue had been properly preserved, "because [Reliance's] action was brought 'to remove clouds on [its] title' pursuant to the conventional quia timet statute, OCGA § 23-3-40, [Karlen] had no right to a jury trial." (Citation and punctuation omitted.) *Human v. Harpagon Co.*, 281 Ga. 372 (637 SE2d 684) (2006).[1]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

Nancy A. Karlen, *pro se.*

---

[1] We note that Reliance's motion for a frivolous appeal penalty is hereby denied.

*Clark Caskey, John C. Clark, Adam C. Caskey, Nelson, Mullins, Riley & Scarborough, Richard B. North, Jr., William A. Castings, Jr., Frances C. Mulderig, Barry L. Zimmerman*, for appellee.