# Court of Appeals
# of the State of Georgia

ATLANTA,   October 27, 2016

*The Court of Appeals hereby passes the following order:*

**A16A1891.  MANCUSO v. TDGA, LLC.**

In May 2014, TDGA, LLC purchased property formerly owned by the estate of Marc and Marcia Briscoe at a tax sale, and more than 12 months later, it acquired title to the property pursuant to a foreclosure of all rights of redemption.[1] In July 2015, TDGA filed a quiet title action in the Superior Court of Fulton County to establish that it was the fee simple owner of the property free and clear of all adverse claims.[2] Peter Mancuso, as executor of the Briscoe estate, filed a response and counterclaims to TDGA's action. Following a hearing, the Special Master issued a report in which it found TDGA to be the owner of the property in fee simple, and, subsequently, the trial court issued an order adopting the Special Master's report.

Mancuso has now filed an appeal with this Court, challenging the trial court's ruling. However, TDGA asserts, and we agree, that because this appeal is from a judgment entered in a conventional *quia timet* action that was brought to remove a cloud from the title of real property caused by equities of redemption following a tax

---

[1] *See* OCGA § 48-4-45.

[2] *See* OCGA § 23-3-44.

sale, jurisdiction is proper in the Supreme Court of the State of Georgia rather than this Court.[3] Accordingly, in deference to that jurisdiction, we hereby transfer this appeal to the Supreme Court of the State of Georgia.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  10/27/2016
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

          *Stephen E. Castlen*
_____, *Clerk.*

---

[3] *Tharp v. Harpagon Co.*, 278 Ga. 654, 655 (2) (604 SE2d 156) (2004); *see, e.g.*, *Karlen v. Reliance Equities, LLC*, 291 Ga. 549, 549-50 (731 SE2d 683) (2012) (exercising jurisdiction over appeal in which tax sale purchaser brought quiet title action following foreclosure of right of redemption); *Hamilton v. Renewed Hope, Inc.*, 281 Ga. 393, 393-94 (2) (637 SE2d 412) (2006) (exercising jurisdiction over appeal in which tax sale purchaser filed a quiet title action and former property owner challenged sufficiency of the notice of the foreclosure of right of redemption).