A06A0258. HOMELIFE COMMUNITIES GROUP, INC.
v. ROSEBUD PARK, LLC.
(633 SE2d 423)

BARNES, Judge.

Homelife Communities Group, Inc. ("Homelife") filed suit for specific performance after Rosebud Park, LLC, refused to transfer certain real property to it pursuant to a purchase and sale contract. Rosebud Park contended that it was under no obligation to do so because the contract, drafted by Homelife, provided that the closing must occur within 11 months from the date the contract was signed and the closing did not take place within 11 months of that date. Homelife asserts, however, that specific performance should have been granted because Rosebud Park was responsible for the failure of the sale to take place.

After a bench trial, the trial court found that the contract expired by its terms and declared that the agreement was terminated. Homelife appeals from that judgment. Although the trial court also denied Rosebud Park's counterclaims for slander of title and punitive damages, Rosebud Park has not appealed from that judgment.

The standard of review of a nonjury trial of disputed material facts is the clearly erroneous test under OCGA § 9-11-52. When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the "plain legal error" standard of review. *Glover v. Ware*, 236 Ga. App. 40, 45 (3) (510 SE2d 895) (1999). Employing that standard of review, we find that the trial court has construed the contract incorrectly and must reverse.

The parties executed a purchase and sale agreement drafted by Homelife and accepted by Rosebud Park on December 1, 2003, which

obligated Rosebud Park to sell the property in question to Homelife and Homelife to buy the property. A provision in the agreement stated that

> [t]he closing shall be held at [a certain office] within thirty (30) days of recording of the plat for the subdivision but not later than 11 months from the date of this agreement and subject to clearance of any and all title defects except the Permitted Exceptions defined below. If Purchaser fails to close on or before thirty (30) days from the date of recording of the final plat, Purchaser shall be in default.

Another provision in the agreement provided that time was of the essence. The agreement does not state specifically the effect of the Seller's failure to record the plat for the subdivision, but the agreement does contain the following provision:

> In the event the transaction contemplated hereby is not closed because of Seller's default, then the Earnest Money shall be promptly refunded in full to Purchaser and Purchaser may elect to exercise the remedy of specific performance as its sole and exclusive remedy and shall not have the right of action for damages.

The plat was never recorded because, according to Rosebud Park, recording the plat was dependent upon two other developers' efforts to install a pump station and Rosebud Park could not obtain a final plat until the county accepted all the projects. As Rosebud Park did not record the plat, the sale did not close within 11 months of the execution of the agreement because approval from the county was not received until April 2005.

When the sale did not close, Rosebud Park viewed the contract as having expired, and sent a release to Homelife confirming that the agreement had expired. Nevertheless, Homelife, taking the position that it was not obligated to close because Rosebud Park had not recorded the plat or provided utilities as required by the agreement, demanded that Rosebud Park close the sale. Homelife further contended that the 11-month provision was wholly in its favor and that it could waive the provision.

Rosebud Park refused to close, and Homelife then filed this action for specific performance. After the bench trial, the trial court found that the controlling provision in the contract was not ambiguous and that it required the contract to close within 11 months of the execution of the contract. The court further found that Homelife could not waive this provision because if it did so the contract would be

missing the term for time of performance, and, in any event, the contract provided that time was of the essence, and Homelife could not maintain its action for specific performance because it had not tendered the purchase price to Rosebud Park.

In deciding this case we are obliged to follow the rules of contract construction. "The cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." OCGA § 13-2-3. Further, "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." OCGA § 13-2-2 (4). Moreover, no construction is required or even permitted when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation. *Benefield v. Malone*, 112 Ga. App. 408, 410 (2) (145 SE2d 732) (1965). "It is well established that a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless. [Cits.]" *Bd. of Regents &c. of Ga. v. A. B. & E., Inc.*, 182 Ga. App. 671, 675 (357 SE2d 100) (1987). Further, Georgia law imposes on both parties an implied duty of good faith in carrying out the mutual promises of the contract. *Southern Business Machines &c. v. Norwest Financial Leasing*, 194 Ga. App. 253, 256 (2) (390 SE2d 402) (1990).

In reaching its decision, the trial court has apparently disregarded one essential fact: The failure to close was the result of Rosebud Park's failure to record the plat. As a consequence, Homelife's obligation to close never arose. Therefore, it was not required to tender the purchase price, which was to be paid at the closing. Because of Rosebud Park's failure to record the plat, the contract's default provision was implicated, and by its specific terms Homelife was entitled "to exercise the remedy of specific performance as its sole and exclusive remedy." The trial court's construction of the contract had the effect of impermissibly rendering the default provision of the contract meaningless.

We place no importance on the failure of Homelife to extend its earnest money letter of credit. Contrary to Rosebud Park's argument, relying upon *Panfel v. Boyd*, 187 Ga. App. 639 (371 SE2d 222) (1988), the consideration was not the earnest money. Here, the consideration for Rosebud Park's promise to sell the property was Homelife's promise to buy the property, and not the earnest money. *Atlanta Six Flags Partnership v. Hughes*, 191 Ga. App. 404, 407 (1) (381 SE2d 605) (1989). Moreover, unlike the circumstance in *Sheridan v. Crown Capital Corp.*, 251 Ga. App. 314, 317 (1) (554 SE2d 296) (2001), no conditional promise to buy was involved in this case.

Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings.

*Judgment reversed and case remanded. Andrews, P. J., and Bernes, J., concur.*

DECIDED JUNE 23, 2006.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling*, for appellant.

*Webb, Tanner & Powell, Robert J. Wilson*, for appellee.

