## A07A0986. AMERICAN HOME SERVICES, INC. v. A FAST SIGN COMPANY, INC.
### (651 SE2d 119)

MILLER, Judge.

A Fast Sign Company, Inc. ("Fast Sign") filed a complaint asserting that American Home Services, Inc. ("AHS") violated the Telephone Consumer Protection Act of 1991 ("TCPA") by causing it to be sent an unsolicited facsimile advertisement.[1] In March 2006, Fast Sign filed a motion for class certification, seeking to pursue its claim against AHS on behalf of "all persons . . . to whom [AHS] sent or caused to be sent . . . one or more facsimile transmissions with content substantially similar to [the advertisement received by Fast Sign]." The proposed class excluded all individuals "with whom [AHS] has any records or knowledge of having an 'established business relationship.' . . ."

Following a hearing, the trial court certified the proposed class. AHS appeals, claiming that the trial court erred in certifying the class because it failed to exclude all persons with whom AHS had an established business relationship and because a class action did not represent a superior method of fairly and efficiently adjudicating the controversy. We disagree and affirm.

In determining whether the trial court erred in certifying the class, we note that trial courts have broad discretion in deciding whether to certify a class and that the plaintiff bears the burden of proving that class certification is appropriate. See *Jones v. Douglas County*, 262 Ga. 317, 323 (2) (418 SE2d 19) (1992) (trial court's discretion "in certifying or refusing to certify a class action is to be respected in all cases where not abused") (citation omitted); *Trend Star Continental v. Branham*, 220 Ga. App. 781, 782 (1) (469 SE2d 750) (1996).

The underlying facts, which are not in dispute, reveal that AHS commenced operations in mid-2002 as a business selling and installing windows, siding, and gutters. Within a month or two after opening, AHS hired Sunbelt Communications and Marketing, LLC ("Sunbelt") to send advertisements via facsimile. Acting on behalf of AHS, Sunbelt distributed approximately 306,000 facsimile advertisements to potential customers in the Atlanta area, including one to Fast Sign in March 2003. The record does not indicate precisely when the fax campaign was completed, but AHS went out of business in mid-2004.

---

[1] The TCPA prohibits "us[ing] any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" except under certain conditions. 47 USC § 227 (b) (1) (C).

1. AHS first claims that the trial court erred in certifying the class because it failed to exclude all persons with whom AHS had an established business relationship. As a result, AHS concludes that the class does not satisfy the commonality requirement of OCGA § 9-11-23 (a) (3), which provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if [among other things,] [t]he claims or defenses of the representative parties are typical of the claims or defenses of the class. . . ."

At the time the AHS advertisements were sent, TCPA liability could be avoided if the defendant had an "established business relationship" with the facsimile recipient. See *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 127 (3) (610 SE2d 529) (2005). In *Carnett's* the Supreme Court of Georgia held that a trial court was within its discretion to deny class certification based on a lack of commonality where the proposed class did not exclude parties with an established business relationship with the defendant and "at least some fax recipients likely had" such a relationship. Id. at 129 (4).

Here, in contrast, the proposed class explicitly excluded all parties "with whom [AHS] has any records or knowledge of having an 'established business relationship.' . . ." In addition, should AHS obtain records or knowledge of having an established business relationship with additional parties, the trial court explicitly noted that it retained the right to modify or amend the class. See OCGA § 9-11-23 (c) (1).

AHS claims that there may be other members of the proposed class, with whom it has an established business relationship even though it has no records or knowledge of such a relationship. It relies on a footnote in *Carnett's* stating that the class representative, not the defendant, "bears the burden of proving that a fax was unsolicited." *Carnett's*, supra, 279 Ga. at 129 (4), n. 24.

*Carnett's* also stated, however, that the court "would be sympathetic to [the class representative's] argument" if she had "timely attempted discovery for the purpose of determining and excluding potential class members having established business relationships with [the defendant]." Id. at 130 (6). Here, Fast Sign conducted discovery, which included having AHS stipulate to all persons with whom it had any records or knowledge of having an established business relationship and which provided that all such persons were excluded from the proposed class. As a result, we are not persuaded that the dicta contained in footnote 24 of *Carnett's* requires us to find that the trial court abused its discretion in certifying the class. See *Ga. Southern &c. R. Co. v. Peters*, 284 Ga. App. 139, 144 (1) (643 SE2d 786) (2007) ("statements in an opinion concerning a rule of law not necessarily involved in or essential to determination of the case before the court are nonbinding dicta") (citation omitted).

In addition, AHS cannot successfully claim that, at the time the faxes were sent, it relied on footnote 24 of *Carnett's* to offer it protection from lawsuits because *Carnett's* was decided well after AHS went out of business and terminated the distribution of its advertisements by facsimile. Moreover, the Federal Communications Commission has clarified that an advertiser seeking to invoke the established business relationship exemption to TCPA liability bears the burden of demonstrating the existence of any such established business relationship. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 71 FR 25967-01 (May 3, 2006).

As a result, the trial court did not abuse its discretion in rejecting AHS' claim that the proposed class failed the commonality requirement based on the hypothetical existence of persons in the class against whom it could assert the existing business relationship exemption, despite not having any knowledge or record of such relationship. See *Hooters of Augusta v. Nicholson*, 245 Ga. App. 363, 368 (4) (537 SE2d 468) (2000).

2. AHS also claims that the trial court erred in certifying the class because a class action did not represent a superior method of fairly and efficiently adjudicating the controversy. It reasons that the purpose of the TCPA was to create an incentive for individual suits in magistrate court, not class action lawsuits. We have previously determined, however, that lawsuits under the TCPA may be appropriate for certification as a class action. See, e.g., *Carnett's*, supra, 279 Ga. at 126 (2) (actions under the TCPA "may be brought as class actions where the requirements of OCGA § 9-11-23 are met"). Accordingly, this argument is without merit.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 9, 2007 — 

*Quirk & Quirk, Neal J. Quirk, Brendan H. Parnell*, for appellant.
*Weissman, Nowack, Curry & Wilco, Ned Blumenthal, Roy E. Barnes, Marc B. Hershovitz, Michael K. Jablonski*, for appellee.