A08A1323. MARTIN v. CROFT et al.

(669 SE2d 689)

BARNES, Chief Judge.

Katherine Martin, pro se, appeals the trial court's judgment in favor of Imogene Croft, Ricky A. Mainor, and Shirley J. Mainor (collectively "the purchasers") in the amount of $17,719. In substance, Martin alleges the trial court erred by finding that the purchasers were entitled to recover from her. We agree, and reverse.

Because both Martin and the purchasers are proceeding pro se, and have acted without legal representation throughout their dealings, this appeal is more complicated than what is essentially a contract dispute should be. For example, all the documents in question were prepared by the parties using printed standard forms as their starting point, but with various pen and ink amendments. Nevertheless, the record shows that Martin sold the Mainors a mobile home using a lease purchase agreement (the "Agreement"). Under this agreement, Martin agreed to sell the home to the Mainors for $55,000, of which $10,000 was paid as a down payment, with the remainder to be paid in sixty equal monthly installments over five years. The Agreement stipulated that "[i]f the buyer changes his mind, he shall lose there [sic] rights to all monies paid, and forfeit all his rights in this house. If the present owner changes his mind, he must refund all monies paid."

The Agreement also contains a clause stating:

This Agreement shall be for the benefit of, and be binding upon Buyer and Seller, their heirs, successors, legal representatives and permitted assigns. *This Agreement constitutes the sole and entire agreement between the parties hereto and no modification or assignment of this Agreement shall be binding unless signed by all parties to this Agreement. No representation, promise, or inducement not included in the Agreement shall be binding upon any party hereto.* Any assignee shall fulfill all the terms and conditions of this Agreement.

(Emphasis supplied.) According to Martin, the purchasers took possession of the home and only made payments for approximately two years.

The trial court's order recites that about two years after signing the Agreement, the purchasers decided to sell the home; they put it up for sale, and it remained on the market for about three months. The home did not sell, and the purchasers allege that Martin agreed to repurchase it for the full amount of the Plaintiff's equity per the 2004 agreement. A promissory note was drafted, providing for a total payment of $17,719 in monthly payments of $500. The note merely recites that the note was for value received. The purchasers and Martin signed the note, but Martin also signed as "Katherine Martin for Thomas M. Martin," who was her husband, and noted that "Thomas Martin *must* agree to these terms." (Emphasis supplied.)

The purchasers allege that no payments were made on this note, even though Martin took possession of the mobile home, and they sued her in magistrate court for "failure to comply with promissory note." After Martin answered and filed a counterclaim, the case was transferred to state court because the amount of Martin's counterclaim exceeded magistrate court's jurisdiction.

The trial court found that Katherine Martin entered into the 2006 agreement in consideration for the purchasers' equity in the home, and that the 2006 agreement terminated all rights and obligations under the 2004 agreement. The trial court also found that as Katherine Martin explicitly noted Thomas Martin did not agree to the terms of the 2006 Promissory Note, her signature of his name did not bind him, but she was liable to the purchasers for the amount of the note.

Although the absence of a transcript would ordinarily doom Martin's appeal,[1] the issues in this appeal concern interpretation of a contract and a promissory note, and those issues ordinarily are questions of law for the court. OCGA § 13-2-1; *Village Enterprises v. Ga. R. Bank &c. Co.*, 117 Ga. App. 773 (1) (161 SE2d 901) (1968). Further, because of the clause in the Agreement requiring that all modifications of the Agreement be in writing, no oral agreements could change the Agreement, and "[p]arol evidence is inadmissible to add to, take from, or vary a written contract." OCGA § 13-2-2 (1).

---

[1] See *Arrington v. Hand*, 193 Ga. App. 457, 458-459 (5) (388 SE2d 52) (1989) ("In the absence of a transcript, we must assume that the trial court's findings were supported by the evidence and that the trial court's actions taken during the hearing were appropriate.") (citation omitted).

The cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction. Further, the construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part. Moreover, no construction is required or even permitted when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation. It is well established that a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless. Further, Georgia law imposes on both parties an implied duty of good faith in carrying out the mutual promises of the contract.

(Citations and punctuation omitted.) *Homelife Communities Group v. Rosebud Park, LLC*, 280 Ga. App. 120, 122 (633 SE2d 423) (2006). "It is the function of the court to construe the contract as written and not to make a new contract for the parties." (Citation and punctuation omitted.) *Ga. Magnetic Imaging v. Greene County Hosp. Auth.*, 219 Ga. App. 502, 504 (1) (466 SE2d 41) (1995).

Although the trial court concluded that the promissory note "terminated all rights and obligations" under the lease purchase agreement, no writing in the record shows that this was done. The terms of the Agreement, quoted above, required that all modifications of the Agreement be binding and signed by all parties to the Agreement. Therefore, because Thomas Martin did not sign the promissory note and agree to its provisions and the note does not mention the Agreement in any way, the trial court erred by concluding that the note was effective to terminate the rights and obligations under the Agreement. "In every novation there are four essential requisites: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one." (Citation, punctuation and footnote omitted.) *Rainier Holdings, Inc. v. Tatum*, 275 Ga. App. 878, 880 (2) (622 SE2d 86) (2005). Here, the second and fourth essential requisites are missing because Thomas Martin did not agree to the new contract, and the new contract is invalid without his approval.

Further, the trial court's conclusion that the consideration for the note was the purchasers' equity in the home is contrary to the provision in the Agreement that if the purchasers change their minds, they shall lose all rights to the monies paid and forfeit all

rights to the house. It is also contrary to the allegation in Martin's counterclaim that the purchasers defaulted on the contract.

For these reasons, the trial court erred by concluding that the absence of Thomas Martin's signature on the note merely absolved him from liability on the note. The face of the note states that "Thomas Martin must agree to these terms." This language creates a condition precedent[2] which must be performed "before a contract becomes absolute and obligatory upon the other party." (Footnote omitted.) *Hall v. Ross*, 273 Ga. App. 811, 813 (616 SE2d 145) (2005). Therefore, without Thomas Martin's agreement to the terms of the note, Katherine Martin was not obligated on the note.

The trial court erred by granting summary judgment to Imogene Croft, Ricky A. Mainor, and Shirley J. Mainor.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 18, 2008.

Katherine Martin, *pro se.*
Imogene Croft, *pro se.*
Ricky A. Mainor, *pro se.*
Shirley J. Mainor, *pro se.*

---

[2] The Restatement of the Law, Second, Contracts, § 224 (1981) states: "A condition is an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due."