A11A0719. AMERICAN HOME SERVICES, INC. v. A FAST SIGN COMPANY, INC.

(713 SE2d 396)

McFADDEN, Judge.

This case arises out of class action litigation involving the Telephone Consumer Protection Act of 1991, 47 USC § 227 ("TCPA"). In October 2003, A Fast Sign Company, Inc. d/b/a Fast-signs ("Fastsigns") filed a class action complaint against American Home Services, Inc. ("AHS"), alleging that AHS had violated the TCPA by sending unsolicited facsimile advertisements. The trial court certified the requested class, then held a bench trial as to liability and damages on the class claims. The trial court ultimately determined that AHS had sent 306,000 unsolicited advertisements to fax machines. Based on that finding, it entered judgment against AHS for $459 million. AHS appeals, raising numerous claims of error. Because the trial court erroneously applied the TCPA and entered judgment based on the number of facsimile advertisements

sent, rather than received, we vacate the judgment and remand for further proceedings.[1]

1. AHS is a siding, window, and gutter installation company that operated for approximately two years from 2002 to 2004. During its operations, it explored various ways in which to advertise, including through facsimile transmissions. Between 2002 and 2003, AHS entered into five contracts with a Texas company known as Sunbelt Communications and Marketing. Through those contracts, Sunbelt agreed to send over 300,000 facsimile advertisements on behalf of AHS to fax machines in the Atlanta area.

At some point during this period, Fastsigns received an AHS fax advertisement. Because these types of "junk faxes" were tying up its fax machine, Fastsigns sued AHS for a TCPA violation and sought to bring its claims as a class action on behalf of itself and all other similarly situated persons. The trial court granted Fastsigns's class certification request, certifying a class consisting of, with certain specified exclusions:

> All persons, natural or otherwise, throughout the State of Georgia to whom [AHS] sent or caused to be sent, from January 1, 2002, to the present, one or more facsimile transmissions with content substantially similar to that contained in the attached Exhibit A.

(Footnote omitted.) We affirmed the class certification ruling, *American Home Svcs. v. A Fast Sign Co.*, 287 Ga. App. 161 (651 SE2d 119) (2007), and the trial court addressed the merits of the TCPA allegations on remand.

The TCPA prohibits an individual or entity from using "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 USC § 227 (b) (1) (C). The statute exempts certain transmissions, such as faxes to a recipient with whom the sender has an established business relationship. 47 USC § 227 (b) (1) (C) (i). Generally, however, unsolicited fax advertisements are forbidden, and a party that sends such faxes may be subject to governmental enforcement and forfeiture proceedings. See 47 USC § 227 (h).

A TCPA violation may also give rise to a private cause of action. Pursuant to 47 USC § 227 (b) (3):

> [a] person or entity may, if otherwise permitted by the laws

---

[1] Both parties have filed motions for leave to file a supplemental brief regarding new authority. Those motions are hereby granted. The Court has read and considered the supplemental briefs and authority cited therein.

or rules of court of a State, bring in an appropriate court of that State — (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.

As found by our Supreme Court and numerous other courts, this private right of action rests in persons or entities that *receive* unsolicited fax advertisements. See *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 127 (3) (610 SE2d 529) (2005) ("The TCPA is violated only if a plaintiff receives an 'unsolicited' fax."); see also *Centerline Equip. Corp. v. Banner Personnel Svc.*, 2009 U. S. Dist. LEXIS 48092, at *5 (N.D. Ill. 2009); *Levitt v. Fax.com*, 2007 U. S. Dist. LEXIS 83143, at *7 (D. Md. 2007); *Murphey v. Lanier*, 997 FSupp. 1348, 1352 (S.D. Cal. 1998), aff'd, 204 F3d 911 (2000); *All American Painting v. Financial Solutions &c.*, 315 SW3d 719, 722 (Mo. 2010). Under the statute, such recipients may recover their actual damages or $500 in statutory damages, whichever is greater. 47 USC § 227 (b) (3) (B). A trial court may also triple these damages if it "finds that the defendant willfully or knowingly violated" the statute. 47 USC § 227 (b) (3).

In this case, the trial court concluded that AHS had sent 306,000 unsolicited faxes to fax machines, was liable to the class for 306,000 violations, and had wilfully violated the statute. It thus awarded the class treble damages in the amount of $1,500 times the 306,000 violations, or $459 million. This appeal followed.

Even assuming — without deciding — that the evidence supports a finding that AHS sent 306,000 faxes, the trial court's judgment is fundamentally flawed. In awarding $459 million to the class, the trial court apparently adopted class counsel's argument that the class simply needed to "show that a fax was sent." Again, however, our Supreme Court has concluded that only plaintiffs who "receive[ ] an 'unsolicited' fax" may recover in a private TCPA action. *Carnett's, Inc.*, supra. We recognize that certain foreign courts do not require receipt for recovery. See, e.g., *Hinman v. M & M Rental Center*, 596 FSupp.2d 1152, 1158-1159 (N.D. Ill. 2009). But other courts — including our Supreme Court — do, and we cannot ignore this requirement. Moreover, the requirement makes sense. The statute's private cause of action authorizes a damages recovery to "compensate the plaintiff for the annoyance, the conversion of paper and ink and the effective preemption of his fax machine during the intervals when it is receiving advertisement transmissions." *Klein v. Vision Lab Telecommunications*, 399 FSupp.2d 528, 540

(S.D. N.Y. 2005). A person or entity that does not receive an unsolicited fax has no need for such recovery.

As class counsel conceded during closing argument, "[t]here's a difference between sent and received." The trial court recognized this issue in its class certification order, noting that "[n]o person shall claim under this class unless and until he executes an affidavit under oath and under penalty of perjury that states he received one or more facsimile transmissions" from AHS. Nevertheless, it awarded the class enormous damages based on the number of faxes sent.

Following a bench trial, our standard of review as to "disputed material facts is the clearly erroneous test." *Homelife Communities Group v. Rosebud Park, LLC*, 280 Ga. App. 120 (633 SE2d 423) (2006). But when a question of law is at issue, we owe no deference to the trial court and apply a "plain legal error" standard of review. Id. And "[w]here it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm." (Citation and punctuation omitted.) *Smith v. Carter*, 305 Ga. App. 479, 481 (2) (699 SE2d 796) (2010).

The trial court incorrectly applied the TCPA and awarded damages based on the number of facsimile advertisements sent, rather than received. The judgment, therefore, cannot stand. Accordingly, we vacate the judgment and remand so that the trial court can properly consider the evidence presented at the bench trial in accordance with this opinion and the TCPA. See *Smith*, supra at 482; *Homelife Communities*, supra at 123. In so doing, we express no opinion as to the sufficiency of the evidence presented or the propriety of the trial court's prior factual findings. The trial court must consider the evidence anew, and we will not make any rulings that, under the circumstances of this case, might be viewed as advisory. See *Huff v. Harpagon Co.*, 286 Ga. 809, 811 (2) (692 SE2d 336) (2010) (Georgia appellate courts are not authorized to render advisory opinions).

2. Given our decision in Division 1, we decline to address AHS's remaining arguments and claims of error.

*Judgment vacated and case remanded. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 11, 2011 —
RECONSIDERATION DENIED JUNE 29, 2011 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Taylor, Feil, Harper, Lumsden & Hess, Otto F. Feil III, Celeste McCollough*, for appellant.

*Weissman, Nowack, Curry & Wilco, Ned Blumenthal, Roy E.*

*Barnes, Marc B. Hershovitz, Michael K. Jablonski*, for appellee.

