S11G1708. A FAST SIGN COMPANY, INC. v. AMERICAN HOME SERVICES, INC.
(734 SE2d 31)

BENHAM, Justice.

In 2002 and 2003, appellee American Home Services, Inc. (AHS), a siding, window, and gutter installation company, contracted with Sunbelt Communications, Inc. (Sunbelt), for Sunbelt to send a total of 318,000 unsolicited advertisements to various facsimile machines operating in metropolitan Atlanta. In October 2003, appellant A Fast

Sign Company, Inc. d/b/a Fastsigns (Fastsigns), one of the recipients of these unsolicited advertisements, brought a class-action lawsuit[1] against AHS, asserting violations of the Telephone Consumer Protection Act of 1991 (TCPA), 47 USC § 227. At the conclusion of a bench trial, the trial court found that AHS violated the TCPA because it admitted in judicio that it had sent 306,000 unsolicited facsimile advertisements. Finding that violation of the TCPA was wilful and knowing, the trial court awarded the class $459 million in damages, or the amount of $1,500 for each fax sent. The trial court declined to award punitive damages and attorney fees. AHS appealed the ruling to the Court of Appeals.

The Court of Appeals vacated the trial court's judgment and remanded the case, finding that the trial court erroneously applied the TCPA by basing liability and damages on the number of unsolicited advertisements sent rather than the number of unsolicited advertisements received by class members. *American Home Svcs. v. A Fast Sign Co.*, 310 Ga. App. 315 (713 SE2d 396) (2011).[2] We granted Fastsigns' petition for certiorari, posing the question whether the Court of Appeals erred when it determined that only the receipt of an unsolicited fax created an actionable violation of the TCPA. For the reasons set forth below, the judgment of the Court of Appeals is reversed and the case is remanded for further proceedings.

At the time the activities in this case transpired, the TCPA provided, "[i]t shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 USC § 227 (b) (1) (C) (1991).[3] The statute allowed for a private cause of action by which a claimant could recover his actual monetary loss or $500 for each violation of the statute, whichever amount was greater. 47 USC § 227 (b) (3) (B); *Hooters of Augusta, Inc.*

---

[1] The class members consist of "[a]ll persons, natural or otherwise, throughout the State of Georgia to whom [appellee] has sent or caused to be sent, from January 1, 2002, to the present, one or more facsimile transmissions with content substantially similar to that [of the fax sent to the class representative]." In order not to be bound by the judgment in the case, class members were obligated to opt-out.

[2] The Court of Appeals did not rule as to the sufficiency of the evidence and did not address any of the other enumerations of error raised by AHS in that appeal.

[3] The current iteration of this section, which was amended in 2005, has carved out exceptions to liability primarily where the sender can show it has an established business relationship with the recipient. 47 USC § 227 (b) (1) (C) (i)-(iii) (2012). This exception is not applicable here because the amendment became effective after the activities in this case occurred. However, the certified class in this case specifically excludes any persons or entities that have an established business relationship with AHS. The Court of Appeals affirmed the certification of the class in *American Home Svcs. v. A Fast Sign Co.*, 287 Ga. App. 161 (651 SE2d 119) (2007).

*v. Nicholson*, 245 Ga. App. 363 (1) (a) (537 SE2d 468) (2000). Additionally, a trial court could impose treble damages if it found the violation of the statute to be wilful and knowing. 47 USC § 227 (b) (3) (C). "The TCPA is essentially a strict liability statute which imposes liability for erroneous unsolicited faxes. [Cit.]" *Alea London Ltd. v. American Home Svcs.*, 638 F3d 768, 776 (11th Cir. 2011).

When construing a federal statute such as the TCPA, the " 'starting point must be the language employed by Congress,' [cit.]" and courts must "assume 'that the legislative purpose is expressed by the ordinary meaning of the words used.' [Cit.]" *American Tobacco Co. v. Patterson*, 456 U. S. 63, 68 (102 SC 1534, 71 LE2d 748) (1982). By its plain terms, the TCPA prohibits a person from using a device to send an unsolicited advertisement to a telephone facsimile machine. To establish a TCPA claim, the plaintiff must show: (1) the defendant used a fax machine, computer, or other similar device to send a fax to the plaintiff; (2) that the fax was unsolicited; and (3) that the fax contained an advertisement. *Hinman v. M&M Rental Center*, 545 FSupp.2d 802, 805 (N.D. Ill. 2008). The statute does not make actual receipt of a fax an element of a private right of action. *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285, 298 (263 P3d 767) (2011); *First Nat. Collection Bureau v. Walker*, 348 SW3d 329, 340-341 (Tex. Ct. App. 2011) (a call "made" is actionable under the TCPA; Texas statute that limited liability to telemarketing calls received was preempted by the TCPA); *Pasco v. Protus IP Solutions*, 826 FSupp.2d 825, 831 (D. Md. 2011) (summary judgment denied where question remained as to the number of faxes plaintiffs could prove were *sent* by the defendant); *Fun Svcs. of Kansas City, Inc. v. Love*, 2011 WL 1843253 (W.D. Mo. May 11, 2011) (the TCPA is violated when an unsolicited advertisement is sent and the statutory remedy is per violation). The argument that a claim cannot be stated unless there is actual receipt is flawed. *Hinman v. M&M Rental Center*, 596 FSupp.2d 1152, 1159 (N.D. Ill. 2009). Neither Congress nor the Federal Communications Commission, which is tasked with issuing regulations implementing the TCPA, require proof of receipt to establish a private cause of action. Id.

In making its erroneous determination that a TCPA claim is predicated on receipt, the Court of Appeals relied on a sentence in *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 127 (3) (610 SE2d 529) (2005) wherein this Court stated that "The TCPA is violated only if a plaintiff receives an 'unsolicited' fax." In *Carnett's* however, we were not construing or analyzing the language of 47 USC § 227 (b) (1) (C) or 47 USC § 227 (b) (3) (B), but were determining whether an established business relationship existed between the parties. While persons or entities who actually receive unsolicited advertisements

via their fax machines may certainly state a claim under 47 USC § 227 (b) (3) (B), persons or entities who are intended recipients, or who are targeted to receive unsolicited advertisements via their fax machines, may also have a cause of action.

> The reality that some plaintiffs may not have received the unlawful fax transmissions does not defeat their entitlement to damages. Although the harm resulting from unsolicited fax transmissions is often described in terms of recipients, the harm also extends to intended recipients, or targets of mass fax advertising. For example, a business may have considered it necessary to turn off its fax machine because of unwanted fax transmissions. The business might not have received the advertising, but it would still have incurred a disadvantage as a result of advertisers sending the fax messages. . . . [T]he legislation expressly using the word "send" is to be construed to mean "send" and not "receive."

*Critchfield Physical Therapy*, supra, 293 Kan. at 298.[4] Alternatively stated, a sender is liable for the unsolicited advertisements it attempts to send to fax machines, whether or not the transmission is completed or received by the targeted recipient. Id. at 299. Indeed, requiring receipt to state a cause of action under the TCPA would create a limitation not contemplated by Congress. Cf. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 21 F.C.C.R. 3787 (56) (FCC 2006). Accordingly, the Court of Appeals' reliance on *Carnett's* was misplaced. The other cases relied upon by the Court of Appeals likewise do not turn on the construction and interpretation of the language of 47 USC § 227 (b) (1) (C) or 47 USC § 227 (b) (3) (B) and so we do not find those cases to be persuasive authority.[5] Therefore, the judgment of the Court of

---

[4] See also *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (202) (FCC 2003) (unsolicited faxes may tie up phone and fax lines such that the target cannot conduct its regular business).

[5] See *Centerline Equip. Corp. v. Banner Personnel Svcs.*, 2009 WL 1607587 (N.D. Ill. 2009) (construing the business relationship exception); *Levitt v. Fax.com*, 2007 WL 3169078 (D. Md. 2007) (cites *Carnett's* for proposition that TCPA claim is established when an unsolicited fax is received); *Murphey v. Lanier*, 997 FSupp. 1348, 1352 (S.D. Cal. 1998) (contains no substantive analysis that a plaintiff has to prove receipt to establish a TCPA claim); *All American Painting v. Financial Solutions & Assoc.*, 315 SW3d 719, 722 (Mo. 2010) (contains contradictory analysis that states a violation occurs when the unsolicited advertisement is sent, but that a private cause of action is created for the person who receives such a fax).

Appeals is reversed and the case is remanded to the Court of Appeals for the resolution of the remaining enumerations of error that it did not address.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 5, 2012.

*Weissman, Nowack, Curry & Wilco, Ned Blumenthal, Roy E. Barnes, Marc B. Hershovitz, Michael K. Jablonski,* for appellant.

*Taylor, Feil, Harper, Lumsden & Hess, Otto F. Feil III, Celeste McCollough,* for appellee.